■ ROSE GARGANO et al., Appellants, v V.C. & J. CONSTRUCTION CORP. et al., Defendants. ALTIERI, KUSHNER, MIUCCIO & FRIND, Nonparty Respondent.—In an action for an accounting and to recover for misappropriation of certain assets of the defendant V.C. & J. Construction Corp., a closely held corporation, in which the plaintiffs' former attorneys have applied pursuant to Judiciary Law § 475, *inter alia,* for an order fixing an interim attorney's lien, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated September 9, 1988, which denied their motion (a) to compel the applicant, their former counsel, to provide certain discovery, (b) to compel the applicant to appear for an examination before trial, and (c) to rescind the appointment of the Judicial Hearing Officer appointed by order of the same court (Yoswein, J.), dated April 8, 1988.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the appellants' motion which was for discovery and inspection of time sheets and disbursement records of the applicant and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The applicants' time within which to furnish the discovery and inspection of the time sheets and disbursement records is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

Although the granting of discovery is generally looked upon with disfavor in summary proceedings, we find that it was an improvident exercise of discretion to deny that branch of the appellants' motion which sought discovery and inspection of the time sheets and disbursement records of the applicant. This application, *inter alia,* for an interim attorney's lien, is more in the nature of a plenary action to recover for the fair and reasonable value of the applicant's services, requiring the resolution of more complicated factual questions than those generally at issue in a summary proceeding.

Unlike the factual situation presented in *Matter of Shore* (109 AD2d 842), the appellants have demonstrated an ample need for discovery. The production of the information required would not be unnecessarily burdensome to the applicant. Moreover, the documents requested are readily capable of being produced in a relatively short period of time. In our view, discovery of the requested time sheets and disbursement records would expedite rather than delay the hearing in this matter. However, since the appellants failed to demonstrate an ample need for the requested deposition, that branch of their motion was properly denied.

We further find that the denial of the application to rescind the appointment of the Judicial Hearing Officer in this case was warranted since, in the first instance, an application for recusal must be made to the Judicial Hearing Officer *(see,* Rules of Chief Administrator of Courts, 22 NYCRR 122.6, 122.11; *People v Moreno,* 70 NY2d 403; *Matter of Johnson v Hornblass,* 93 AD2d 732). In ruling on such a recusal application, the Judicial Hearing Officer shall bear in mind the necessity of avoiding any appearance of impropriety and of preserving the integrity of the judicial system *(see,* Judiciary Law § 14; *Casterella v Casterella,* 65 AD2d 614). Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.