■ THOMAS ESPIE et al., Appellants, v SUSAN BUDAI et al., Defendants, and FOX MEADOWS REALTY & DEVELOPMENT, INC., Respondent.—In an action, *inter alia,* to impose a constructive trust upon real property, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), dated July 8, 1988 which granted the motion of Fox Meadows Realty & Development, Inc. for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiffs allege that they entered into a joint venture with the defendants Susan and William Budai to purchase and develop land owned by Edward Kara. To this end they gave Susan Budai approximately $11,000 representing one half the down payment and incidental costs. Thereafter, Susan Budai entered into a contract with Edward Kara for the sale of the subject property. The plaintiffs maintain that William Novak, the president of defendant Fox Meadows Realty & Development, Inc. (hereinafter Fox Meadows), knew they had contributed money toward the purchase of the Kara property and should have known of the joint venture with the Budais. Nevertheless, Novak took the executory contract by assignment from Susan Budai and subsequently purchased the land. The plaintiffs commenced this action, *inter alia,* to impress a constructive trust, alleging that William Novak had a duty to inquire as to the plaintiffs' interest in the property.

We agree with the Supreme Court that the record is devoid

of evidence of a triable issue of fact regarding Fox Meadows' notice of the plaintiffs' interest in the Kara property. Thus, William Novak had no duty to inquire as to the plaintiffs' interest in the property (cf., *Williamson v Brown,* 15 NY 354; *Vitale v Pinto,* 118 AD2d 774).

In any event, it is apparent that the plaintiffs failed to establish that they are entitled to have a constructive trust imposed. Generally, the remedy requires four elements: (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment (see, *Sharp v Kosmalski,* 40 NY2d 119; *Gargano v V.C. & J. Constrs. Corp.,* 148 AD2d 492). "[T]hese factors are merely useful guides and are not talismanic" *(Reiner v Reiner,* 100 AD2d 872, 874; *Coco v Coco,* 107 AD2d 21). However, at bar, the plaintiffs have failed to allege or prove any of the foregoing elements. Nor have they provided any compelling justification for granting such relief. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.