(May 28, 1991)

■ Carmen Artache, Respondent, v Jerrold Goldin, Defendant, and Arnold A. Brenhouse, Nonparty Appellant.—In a consolidated action, *inter alia,* to recover damages for breach of contract and unjust enrichment, nonparty Arnold A. Brenhouse, the former attorney for the plaintiff, appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Saladino, J.), entered November 10, 1988, which after a hearing, *inter alia,* determined that he had been discharged for cause and denied his claim for a retaining or charging lien.

Ordered that the order and judgment is reversed, on the facts, with costs, and a charging lien in the amount of $37,500 is fixed in favor of the appellant.

We find that the weight of the credible evidence established that the appellant was discharged without cause. The appellant's representation of the plaintiff was entirely competent and successful up until the time of his discharge. In addition, a potential conflict of interest involving the appellant was fully disclosed to the plaintiff and she chose to continue to be represented by the appellant. Indeed, the discharge occurred solely as a result of a fee dispute. Accordingly, the appellant is entitled to a charging lien for the reasonable value of services rendered prior to the date of substitution of counsel *(see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454; *Luciano v Trabucco,* 159 AD2d 695; Judiciary Law § 475). We find the reasonable value of the work performed on behalf of the plaintiff for which the appellant was not compensated to be $37,500. Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.