■ GREENFIELD, EISENBERG, STEIN & SENIOR, Respondent, v MARION TALLERING, Appellant. [606 NYS2d 715] —In an action to determine and fix a charging lien pursuant to Judiciary Law

§ 475, Marion Tallering appeals from (1) a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered April 24, 1991, which is in favor of the plaintiff and against her on an account stated in the amount of $456,020.78, plus interest, upon an order dated April 16, 1991, which denied her motion for discovery pursuant to CPLR 408, and (2) an order of the same court, dated August 25, 1992, which denied her motion pursuant to CPLR 5204 to release her property from the lien of the aforesaid judgment entered April 24, 1991, pending the appeal from the judgment.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the orders dated April 16, 1991, and August 25, 1992, are vacated, the appellant's motion for discovery is granted to the extent that the plaintiff shall provide the appellant with discovery and inspection of all time sheets and disbursement records related to its representation of the appellant, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the fair and reasonable value of the petitioner's services under a quantum meruit theory, which shall be conducted with all deliberate speed; and it is further,

Ordered that the discovery and inspection of the time sheets and disbursement records shall take place at a time and place to be specified in a notice of not less than 10 days to be given to the plaintiff by the appellant, or at such other time and place as the parties may agree; and it is further,

Ordered that the discovery and inspection shall take place no later than 45 days after the date of this decision and order; and it is further,

Ordered that the appeal from the order is dismissed, without costs or disbursements, as academic, in light of our determination on the appeal from the judgment.

The Supreme Court concluded summarily that the appellant's former attorneys were entitled to a fee of $456,020.78 on the basis of an account stated. There are a number of competing factors that come into play, some of which support the Supreme Court's reasoning, but which, on balance, must yield to other considerations that warrant remittitur for a determination based upon quantum meruit.

The underlying litigation extended over 10 years and, to be sure, involved a large and complicated marital estate by any reckoning. It is discouraging to note that before the case was "settled," it took four and one-half years of legal proceedings

with this set of lawyers, let alone those that had gone before. We also note that the wife had discharged her previous lawyer, and that the lawyers who succeeded him contested his bill, and expended legal services in so doing. The successor firm of lawyers is now the plaintiff in this action involving its fees. At the present juncture the fees of these successor lawyers are being contested by another set of successors, and we are left with the uncomfortable prospect of the litigation producing yet another round of satellite-type litigation in which further contests over attorneys' fees are to consume more time, effort, and expense. In that vein, we fully understand that the determination under review may well have been grounded upon a wholly laudable objective of ending this litigation, lest it deteriorate further into additional chapters dominated by disputes over fees. We conclude, however, that under the circumstances of this case, the legal billings to the wife are not amenable to summary resolution, given the lack of detailed support in this record, and our precedential holdings approving quantum meruit as an appropriate remedy for a discharged attorney *(e.g., Ventola v Ventola,* 112 AD2d 291; *Perez v Perez,* 154 AD2d 359).

Given this conclusion, we find that the wife is entitled to discovery and inspection of the time sheets and disbursement records of her former attorneys *(see, Gargano v V.C. & J. Constr. Corp.,* 148 AD2d 492). In addition, although the appeal from the order has been rendered academic, we note that the Supreme Court erred in denying the wife's motion pursuant to CPLR 5204 for the release of her property from the lien of the attorneys' money judgment, as the court had no basis to conclude that certain escrow accounts were within her dominion and control.

It is our distaste for the prospect of another extended and costly aftermath that compels us to urge that further proceedings be judicially and energetically overseen, to ensure that the matter be brought to a prompt and speedy determination. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.