■ JOHN A. CLIFFORD, Appellant, v WILLIAM PIERCE et al., Defendants, and RICHARD L. FARLEY, Respondent. [625 NYS2d 602] —In an action to recover damages for personal injuries, in which the plaintiff's attorney Richard L. Farley moved for a charging lien, the plaintiff John A. Clifford appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated January 12, 1994, as fixed the amount of the lien at $26,500.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the non-party respondent.

Where, as here, an attorney is discharged without cause, he or she "is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered whether that be more or less than the amount provided in the contract or retainer agreement" *(Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457-458; *see also, Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655, 658; *Artache v Goldin,* 173 AD2d 667).

An evaluation of what constitutes reasonable counsel fees is a matter that is generally left to the sound discretion of the trial court *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Matter of Aronesty v Aronesty,* 202 AD2d 240) which is often in the best position to determine those factors integral to the fixing of counsel fees *(see, Lefkowitz v Van Ess,* 166 AD2d 556; *Shrauger v Shrauger,* 146 AD2d 955, 956).

We find no basis to conclude that the Supreme Court improvidently exercised its discretion in fixing the counsel fees in this case *(see, Buckley v Nucraloy Corp.,* 213 AD2d 365). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.