■ CHARLES BUNGE, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, LIONEL A. MARKS, Respondent, and PARKER & WAICHMAN, Appellant. [651 NYS2d 872] —In an action to recover damages for personal injuries, in which the plaintiff's former attorney, Lionel Alan Marks, moved for a determination of fees and for enforcement of his attorney lien, the plaintiff's present attorneys, Parker & Waichman, appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Huttner, J.), dated December 19, 1995, which granted the motion and directed that the plaintiff's former attorney, Lionel Alan Marks, be paid $6,500 for the work he performed in this action out of the proceeds of the settlement of the action.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for determination of the motion for counsel fees following a hearing in accordance herewith.

An evaluation of what constitutes reasonable counsel fees is a matter that is generally left to the sound discretion of the trial court, "which is often in the best position to determine those factors integral to the fixing of counsel fees" (Clifford v Pierce, 214 AD2d 697, 698; Matter of Budin Reisman & Schwartz v Giamboi, Reiss & Squitieri, 224 AD2d 325). Here, however, it is unclear from the order appealed from whether the trial court determined counsel fees for the plaintiff's former attorney based on a contingency fee basis, as was indicated in the court's March 12, 1993 order, or on a quantum meruit basis. Accordingly, the matter must be remitted to the Supreme Court, so that counsel fees may be fixed based upon a contingency fee as determined and articulated in the order dated March 12, 1993. Goldstein, J. P., Florio, McGinity and Luciano, JJ., concur.