■ In the Matter of the Estate of BETTY SCHWARTZ, Deceased. FLORENCE E. BONO et al., Appellants; MARC A. BERNSTEIN et al., Respondents. SANDERS AND SOLOMON, Nonparty-Respondent. [652 NYS2d 624] —In a proceeding, *inter alia,* to compel an accounting, which was transferred to the Surrogate's Court upon the death of Betty Schwartz, the petitioners appeal from an order of the Surrogate's Court, Suffolk County (Prudenti, S.), dated January 2, 1996, which awarded the law firm of Sanders and Solomon the principal sum of $9,289 as and for legal fees for services performed in representing the petitioners in this action.

Ordered that the order is affirmed, with costs.

Contrary to the petitioners' claim, the record establishes that they discharged their former attorney, Michael B. Solomon, a partner in the firm of Sanders and Solomon (hereinafter collectively Solomon) without cause. The petitioners conceded that they were satisfied with the services provided by Solomon, and were willing to permit him to continue representing them so long as he agreed to forego payment until the underlying dispute was concluded. Under these circumstances, it is clear that the attorney was discharged "solely as a result of a fee dispute" *(Artache v Goldin,* 173 AD2d 667), and not for cause. Therefore, Solomon was entitled to a hearing, prior to the conclusion of the underlying matter, "to recover compensation from the client measured by the fair and reasonable value of services rendered, whether that be more or less than the amount provided in the contract or retainer agreement" *(Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457-458; *see also, Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655).

An "evaluation of what constitutes reasonable counsel fees is a matter that is generally left to the sound discretion of the trial court * * * which is often in the best position to determine those factors integral to the fixing of counsel fees" *(Clifford v Pierce,* 214 AD2d 697, 698; *see also, Levine v Levine,* 179 AD2d 625). The Surrogate's Court examined the relevant factors in determining what fee was appropriate *(see, Matter of Freeman,* 34 NY2d 1, 9), and Solomon submitted adequate records demonstrating the work performed *(see, Shaw, Licitra, Eisenberg, Esernio & Schwartz v Gelb,* 221 AD2d 331). We find no basis to conclude that the Surrogate's Court improvidently exercised its discretion in fixing the counsel fees in this case. Miller, J. P., Santucci, Joy and Krausman, JJ., concur.