■ MARY E. DOWNES et al., Respondents, v ELI ARAN et al., Appellants. [710 NYS2d 381] —In an action to recover an attorney's fee incurred by the plaintiffs in connection with underlying actions to recover on personal guarantees, the defendants appeal from a judgment of the Supreme Court, Queens County (Thomas, J.), dated October 26, 1998, which, after a hearing, is in favor of the plaintiffs and against them in the principal sum of $72,383.

Ordered that the judgment is modified by deleting therefrom the sum of $72,383 and substituting therefor the sum of $41,045.32; as so modified, the judgment is affirmed, without costs or disbursements.

By order dated December 4, 1997, the Supreme Court, Queens County, granted the plaintiffs' motion for summary judgment on the issue of liability for an attorney's fee incurred by the plaintiffs in connection with underlying actions to recover on certain personal guarantees. The defendants' appeal from that order was dismissed on October 5, 1998, for failure to prosecute. Accordingly, the defendants may not raise any issues regarding that order on the appeal from the judgment (*see, Lopez v City of New York,* 264 AD2d 819; *Bray v Cox,* 38 NY2d 350, 353; *Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750). We make no determination as to the defendants' claim that the plaintiffs impermissibly split their cause of action to recover an attorney's fee by not seeking this relief in the prior action, as that claim is not properly before us (*see, 222 Bloomingdale Rd. Assocs. v NYNEX Props. Co.,* 246 AD2d 532). Accordingly, the sole issue on appeal is the reasonableness of the Supreme Court's assessment of the attorney's fee to be awarded.

The Supreme Court made several mathematical errors in

calculating the fee. A credit of $2,797.60 for a claim regarding work that was withdrawn during the hearing must be subtracted from the award. A credit of $2,505.60 for 17.4 hours of work performed by the plaintiffs' counsel in enforcing the judgments at their regular fee of $269 per hour must be adjusted to reflect counsel's testimony that the work was performed at the reduced fee of $125 per hour. In addition, the plaintiffs were credited with $8,925.79 in disbursements when they only submitted claims of $4,525.92 in disbursements. Accordingly, $4,399.87 must be subtracted from the award. Finally, the plaintiffs' counsel claimed to have spent 57.4 hours, at $269 per hour, on his legal effort to recover his fee, yet the Supreme Court credited him with 62.5 hours at $269 per hour, requiring an adjustment of $1,371.90.

"An evaluation of what constitutes reasonable counsel fees is a matter that is generally left to the sound discretion of the trial court * * * which is often in the best position to determine those factors integral to the fixing of counsel fees" (*Clifford v Pierce,* 214 AD2d 697, 698). The Supreme Court's review of the records submitted by the plaintiffs' counsel, the testimony of the plaintiffs' counsel, and the factors relevant to this case resulted in an unreasonable award of an attorney's fee to the extent indicated herein (*cf., Matter of Schwartz,* 235 AD2d 482). Santucci, J. P., Joy, Thompson and H. Miller, JJ., concur.