■ STELLA MELCER, Respondent, v CHRISTOPHER MELCER, Appellant. [724 NYS2d 884] —In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Murphy, J.), dated December 14, 1999, as granted those branches of the plaintiff's motion which were for leave to enter a judgment in the sum of $22,000 representing the balance due on her award for equitable distribution, and an award of an attorney's fee in the sum of $2,000.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the parties and/or their counsel are directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against the defen-

dant or his counsel pursuant to 22 NYCRR 130-1.1 as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 14, 2001; and it is further,

Ordered that the Clerk of this Court is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

Under the terms of a stipulation of settlement dated November 4, 1996, the defendant was, *inter alia*, to pay the plaintiff 30 monthly installments of $1,000 for a fixed period of time in full satisfaction of her claim for equitable distribution.

The Supreme Court properly granted the plaintiff's motion to enforce this term of the stipulation of settlement in light of the defendant's admission that he made only eight of the 30 payments.

Furthermore, the Supreme Court providently exercised its discretion in awarding the plaintiff $2,000 as and for an attorney's fee incurred in seeking to enforce the stipulation of settlement (*see, Matter of Schwartz,* 235 AD2d 482; *cf., First Natl. Bank v Incredible Motels,* 120 AD2d 700).

Under the circumstances, given the defendant's admission that he failed to make the required payments, it appears that this appeal is without merit (*see,* 22 NYCRR 130-1.1 [c] [1]). Accordingly, the parties and/or their counsel are directed to submit affirmations as to why sanctions should not be imposed on the defendant or his counsel. Bracken, J. P., Santucci, Altman and Florio, JJ., concur.