■ GRZEGORZ SMERDA, Plaintiff, v CITY OF NEW YORK et al., Defendants. DENIS C. GUERIN, Nonparty Appellant; EDELMAN & EDELMAN, P.C., Nonparty Respondent. [776 NYS2d 86]—

In an action to recover damages for personal injuries, Denis C. Guerin, the plaintiff's former attorney, appeals from an order of the Supreme Court, Kings County (Belen, J.), dated February 5, 2003, which granted the motion of Edelman & Edelman, P.C., the plaintiff's current attorney, for a determination that he was not entitled to a charging lien pursuant to Judiciary Law § 475 or to any counsel fees.

Ordered that the order is reversed, on the law and facts, and the matter is remitted to the Supreme Court, Kings County, for a determination as to the amount of the appellant's proportionate share of the contingent percentage fee.

After this action to recover damages for personal injuries was settled, current counsel for the plaintiff, Edelman & Edelman, P.C. (hereinafter Edelman & Edelman), made a motion for a determination that the plaintiff's former counsel, Denis C. Guerin, was not entitled to a charging lien pursuant to Judiciary Law § 475 or to any counsel fees. The Supreme Court granted the motion. We reverse and remit the matter to the Supreme Court, Kings County, for a determination as to the amount of Guerin's proportionate share of the contingent percentage fee.

Guerin, who commenced this action and initially appeared on behalf of the plaintiff, has a statutory lien pursuant to Judiciary Law § 475 for legal services rendered (*see Gurvitsch v Gurvitsch*, 239 AD2d 465 [1997]). Contrary to the contentions of Edelman & Edelman, the record does not support a finding that Guerin was discharged for cause, or provide any other basis for denying a fee (*see generally Erez v Aigon Taxi*, 255 AD2d 118 [1998]; *Hae Sook Moon v City of New York*, 255 AD2d 292 [1998]; *De Luccia v Village of Monroe*, 180 AD2d 897 [1992]; *Artache v Goldin*, 173 AD2d 667 [1991]). Accordingly, Guerin is entitled to enforce the lien. Further, because the fee dispute is between attorneys, Guerin had the option, as he seeks here, of receiving a contingent percentage fee based upon the proportionate share of the work he performed on the whole case (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655 [1993]; *Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454 [1989]; *Kats v Missry*, 272 AD2d 378 [2000]). Thus, the matter is remitted to the Supreme Court, Kings County, for a determination as to

Guerin's proportionate share of the contingent percentage fee (*see Matter of Schwartz,* 235 AD2d 482 [1997]; *Greenfield, Eisenberg, Stein & Senior v Tallering,* 200 AD2d 609 [1994]). Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.