In the Matter of the Application of MORRIS ROSENTOVER, Appellant, for an Order Compelling J. J. & A. L. WEISS, Respondents, to Turn over Certain Papers Belonging to Petitioner.

First Department, April 3, 1936.

*Monroe J. Weinstein* of counsel [*Sidney Zasuly* with him on the brief; *Zasuly & Weinstein,* attorneys], for the appellant.

*Joseph J. Weiss* of counsel [*J. J. & A. L. Weiss,* attorneys], respondents in person.

GLENNON, J. The question presented on this appeal is whether or not the respondents, who were the attorneys for the petitioner-appellant, are entitled to a lien of twenty-five per cent on all moneys which may hereafter come into the hands of the appellant under disability policies issued by the Equitable Life Assurance Society.

It is not disputed that in August, 1932, the appellant filed a claim for disability benefits under certain policies of life insurance issued to him by the Equitable Life Assurance Society. The claim was rejected by the company.

The appellant retained the respondents as attorneys to prosecute his claim on March 3, 1933.

The retainer which was prepared by respondents reads in part as follows:

" I do hereby agree to pay my said attorneys one-half of any and all disability benefits I received up to the date of this retainer, and do hereby further agree to pay them twenty-five per cent of any and all disability benefits I hereafter receive.

" Said disability benefits shall include any and all dividends received by me in connection with the waiving of any premiums on my said policies.

" I do hereby assign and turn over to my said attorneys the policies upon which this disability claim is based, policy numbers 7507725 and 7507724, to the end that this retainer and the terms thereof shall be lived up to and completed.

" It shall be considered that the moment I receive my disability payments, that the service of my attorneys shall be considered complete. My said attorneys agree to gratuitously continue to represent me so that in the event the said Society discontinue future payments they will gratuitously represent me to reinstate the same."

Shortly thereafter, due to negotiations between the respondents and the insurance company, the latter paid three months' accrued disability benefits at the rate of $250 per month. Respondents received fifty per cent of the money actually due, and twenty-five per cent of all disability payments subsequently received. In March, 1934, the company refused to make further payments. An action was instituted in August, 1934, to recover the sum which had accrued between March and that date. A settlement was entered into whereby the company turned over the arrears in full and agreed to resume future payments. No trouble occurred until February 1, 1935, when the insurance company again refused to comply with the provisions of the policies.

Respondents have collected pursuant to the terms of the retainer over $1,700. A dispute arose between the appellant and the respondents with the result that this proceeding was instituted. At the present time no action or proceeding is pending between the appellant and the Equitable Life Assurance Society.

The order as resettled reads in part as follows: " Ordered, that the respondents have a lien on any and all moneys coming into the possession of the petitioner, as provided for in the retainer, dated March 3rd, 1933." The appellant contends, and properly so,

that it was error to grant respondents a charging lien upon all future payments which he might receive under his policies.

It would seem unfair, to say the least, that without the rendition of further services the respondents should be permitted to reap a portion of the benefits which might accrue to the appellant during the full term of his disability, which may continue during the rest of his life. While the retainer was drafted with a view of affording absolute protection to the attorneys, still, due regard should have been had for the rights of the client. The agreement as written is not altogether free from doubt. At the present time the appellant is not obligated to pay respondents anything, pursuant to the terms of the retainer, since it is provided that " It shall be considered that the moment I receive my disability payments, that the service of my attorneys shall be considered complete."

As we have seen, since February 1, 1935, the appellant has received no disability payments and no action was instituted by the respondents to recover disability payments since that date.

The right of an attorney to a charging lien is governed by section 475 of the Judiciary Law, which reads as follows: " From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever* hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment or final order. The Court upon the petition of the client or attorney may determine and enforce the lien."

Since no action or special proceeding has been commenced against the insurance company, the respondents have no right to the statutory lien which is created for the protection of attorneys against " the knavery of their clients." (See *Matter of Heinsheimer*, 214 N. Y. 361.) Here we find no knavery on the part of the appellant.

We are inclined to the view, therefore, that the resettled order should be modified by eliminating therefrom the last part which provides for a lien on any and all moneys coming into the possession of the petitioner, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order unanimously modified by eliminating therefrom the last part which provides for a lien on any and all moneys coming into the possession of the petitioner, with twenty dollars costs and disbursements to the appellant.

---

* So in original.