OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, New York County, for a hearing to determine whether respondent Broder is entitled to be paid for his services and, if so, the amount of compensation due him.
This is a special proceeding to approve the settlement of an infant’s personal injury action and award counsel fees (see, CPLR1208; Judiciary Law § 474; 22 NYCRR 603.8). The settlement of $1,200,000 has been approved and the remaining dispute concerns the attorneys’ fees to be awarded trial counsel, respondent Aaron J. Broder. On April 28, 1981, after the settlement was agreed upon but before it was approved, a dispute developed between the client and Broder. Broder then moved before Supreme Court to discharge the attorneys of record, Hinman, Straub, Pigors & Manning, on grounds of conflict of interest, for an increase in attorneys’ fees from 33%% to 50% and that he be awarded all attorneys’ fees. Plaintiffs and their attorneys of record then filed a cross motion opposing the payment of any fee, alleging that Broder had previously been discharged for cause because of his misconduct and his extortionate demands for an increased fee and seeking an order removing him. The record does not contain any denial of these allegations by Broder.
Supreme Court approved the settlement and placed 33%% of the funds in escrow for payment of a counsel fee. At subsequent-proceedings, the court denied both motions, awarding Broder *979 60% of the 33/a% fee as originally agreed upon and refusing to hear plaintiffs’ evidence that Broder had been discharged for cause. The Appellate Division affirmed, without opinion.
A client has an absolute right to discharge an attorney at any time. If the discharge is with cause, the attorney has no right to compensation or to a retaining lien (Matter of Weitling, 266 NY 184; Marschke v Cross, 82 AD2d 944; 7 NY Jur 2d, Attorneys at Law, § 144, at 43-44). If the discharge is without cause before the completion of services, then the amount of the attorney’s compensation must be determined on a quantum meruit basis (Crowley v Wolf, 281 NY 59, 64-65; Matter of Shaad, 59 AD2d 1061). Plaintiffs’ moving papers allege that they attempted to discharge Broder on April 15,1981, prior to the judicial approval of the compromise order — a necessary part of plaintiff’s attorney’s duties in an action brought on behalf of an infant (Judiciary Law § 474; 22 NYCRR 603.8) — and that they did so because of his personal misconduct and extortionate conduct. A hearing is required to determine if he was discharged for cause or, if he was discharged without cause before completion of the services, for a determination of his fee on the quantum meruit basis (Crowley v Wolf, 281 NY, at pp 64-65; Marschke v Cross, 82 AD2d 944, supra).
Judges Jasen, Meyer, Simons, Kaye, Alexander and Lynch* concur; Chief Judge Wachtler taking no part.
Order reversed, with costs, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein.

 Designated pursuant to NY Constitution, article VI, § 2.