■ STATE OF NEW YORK ex rel. ROBERT O. LEHMAN, on Behalf of JASON C. LEHMAN, Petitioner, v CYNTHIA H. LEHMAN, Respondent. ROBERT O. LEHMAN, Appellant, v SIRGAY SANGER, Respondent.—Order, Supreme Court, New York County (Richard Wallach, J.), entered on July 1, 1985, affirmed, without costs and without disbursements. Concur—Murphy, P. J., Kupferman and Ross, JJ.

Carro and Kassal, JJ., dissent in a memorandum by Kassal, J., as follows: We are confronted with the issue of whether any compensation should be bestowed upon an expert appointed to assist the court who, in the midst of such service, is guilty of malfeasance in that he became a partisan and advocate for one of the parties. Should he receive a fee for the services he rendered up until such point or should he be deemed to have forfeited his entire fee?

I agree with Special Term's findings and the conclusion by my colleagues that, on this record, Dr. Sirgay Sanger, at some point, as found by Justice Wallach, "abandoned his role as a neutral scientific arm of the court and became the dedicated partisan of the mother."

However, I disagree with the majority which has sustained the determination insofar as any fee was awarded to Dr. Sanger for services, albeit Special Term did allow a fee in the sum of $5,000, significantly less than that requested. (He had sought $11,500 and the parties do not dispute the reasonableness of the fee in terms of the amount of time expended.) In my view, when the court-appointed expert abdicated his neutral and impartial role and assumed a partisan position as a champion for one of the parties, he not only ceased to act in his quasi-judicial capacity at that point, but he also forfeited *any and all* entitlement to a fee.

Dr. Sanger, one of two court-appointed child psychiatrists, had been charged with the responsibility to evaluate both parties and their 3½-year-old infant son in this habeas corpus proceeding on the issues of interim custody and unsupervised visitation and to make a report and recommendations to the court. It is self-evident that principles of fairness and the proper administration of our system of justice mandate that those appointed to act on behalf of the court as experts, at all times must maintain absolute impartiality and neutrality in the performance of their fiduciary duties. This is critical in the true operation of the judiciary where such experts are

entrusted with the responsibility to aid the court. However, when such a court-appointed expert abandons his impartial role and takes on an adversarial position on behalf of one of the parties, he no longer functions in accordance with the high standard which the law imposes upon him and is not entitled to any fee. This results from the bad faith, impropriety and breach of trust associated with his abdication of responsibility. To bestow any reward for this infidelity and malfeasance would be a disservice to our judicial system.

As an analogy, reference may be made to *Teichner v W & J Holsteins* (64 NY2d 977), where the Court of Appeals took cognizance of the long-standing rule barring a discharged attorney from any fee where counsel is discharged for cause *(see also, Shaw v Manufacturers Hanover Trust Co.,* 68 NY2d 172). There can and should be no deviation from this rule and no reward or compensation to any party so acting.