■ In the Matter of the Estate of MARGARET D. BAIRD, Deceased. DAVID M. BAIRD, Plaintiff, v ST. FRANCIS HOSPITAL et al., Defendants. (Action No. 1.) KEVIN D. LAKE, JR., an Infant, by His Father and Natural Guardian, KEVIN LAKE, et al., Plaintiffs, v GEORGE HABIB et al., Defendants. (Action No. 2.) EDWARD ROSEN, Nonparty Appellant; CRANE, WOLFSON, ROBERTS & GRELLER, Nonparty Respondent.—Appeal by Edward Rosen from an order of the Supreme Court, Dutchess County (Donovan, J.), dated March 7, 1989, which awarded the respondent 80% and the appellant 20% certain legal fees from the above-captioned lawsuits.

Ordered that the order is affirmed, with costs.

The appellant attorney Edward Rosen and the respondent law firm of Crane, Wolfson, Roberts & Greller are engaged in a dispute over the division of legal fees in the cases of Matter

*of Baird,* and *Lake v Habib.* These cases were commenced when Rosen was a partner of Rosen, Crane, and Wolfson (hereinafter the original firm), the predecessor law firm to the respondent, but were settled well after the dissolution of the original law firm. Rosen contends that he is entitled to recover in quantum meruit compensation for services he provided on these cases after the date of dissolution of the original law firm, whereas the respondent maintains that all fees should be split according to the terms of the dissolution agreement, to wit, 80% to it and 20% to Rosen.

At the heart of this controversy are the provisions of a letter agreement between the parties dated December 18, 1984, providing for the dissolution of the original law firm as of December 31, 1984. The agreement provided, in relevant part, that "with respect to personal injury and wrongful death cases referred to other attorneys during the life of the Firm through December 31, 1984, all fees received or to be received in the future" would be divided equally among the five partners with Rosen receiving 20% and the respondent 80%. The *Baird* and *Lake* cases were among those listed as having been referred to outside counsel. Subsequent to the effective date of the dissolution, the respondent was ostensibly discharged by the clients in the *Baird* and *Lake* cases, who then retained Rosen. However, in both the *Baird* and *Lake* cases, outside counsel continued to perform substantially all of the work.

Under the circumstances of this case, the relevant terms of the dissolution agreement, insofar as they pertained to the division of fees realized on cases that had been referred to outside counsel, are not void as against public policy and are proper *(see,* Code of Professional Responsibility DR 2-107 [B]). Moreover, although the clients in the *Baird* and *Lake* cases had a right to discharge the respondent at any time, even without cause *(see, Teichner v W & J Holsteins,* 64 NY2d 977, 979), the purported discharges of the respondent had no effect upon the agreement between the parties with respect to the distribution of the anticipated fees.

Our holding is based, *inter alia,* on a finding that these "discharges" did not substantively change the character of the parties' respective responsibilities for these cases, since, in both instances, they were being handled by an outside firm. In particular, we note that pursuant to the dissolution agreement, Rosen was already overseeing these cases, and the respondent was overseeing other matters which had been referred to outside counsel. Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.