■ GUISEPPE LOPRESTI, Plaintiff, v LARRY INGENITO et al., Defendants, BERT TARAS, P. C., Appellant, and MARTIN LASSOFF, Respondent. (And a Third-Party Action.) [646 NYS2d 45] —In an action to recover damages for personal injuries, the nonparty Bert Taras, P. C., appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated June 29, 1995, which, without a hearing, granted its motion to apportion legal fees and awarded it 28% of the total legal fees to be received by the plaintiff's attorneys.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, to conduct a hearing in accordance herewith.

The instant appeal in this personal injury action concerns the apportionment between the plaintiff's former attorney and present attorney of the attorney's fees generated by the settlement of the action. The plaintiff replaced his former attorney with his present attorney during the course of the action. After the action was settled, the former attorney and the present attorney each moved for apportionment of the legal fees, with the former attorney requesting an evidentiary hearing on the matter. The court did not hold an evidentiary hearing, but decided the motion on papers after oral argument. This was error.

In the present case it is undisputed that the plaintiff's former attorney was discharged without cause before the completion of services, and there is no allegation that he was discharged for cause. Therefore, "the amount of [his] compensation must be determined on a quantum meruit basis" *(Teichner v W & J Holsteins,* 64 NY2d 977, 979; *see also, Theroux v Theroux,* 145 AD2d 625, 626). Under such circumstances, the court should conduct a hearing to determine the fee to which the discharged attorney is entitled for his or her work *(see, Teichner v W & J Holsteins, supra).* Thus, the order is reversed and the matter is remitted to the Supreme Court, Kings County, for a hearing on the matter *(see, Teichner v W & J Holsteins, supra).* O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.