**Arthur M. WISEHART Appellant,**

v.

**Maureen HEALY–MURRAY,
Plaintiff–Appellee,**

**Citibank, N.A. and Citicorp,
Defendants–Appellees.**

**Docket No. 01–7789.**

United States Court of Appeals,
Second Circuit.

Feb. 3, 2003.

Arthur M. Wisehart, New York, NY, for Appellant, pro-se.

Henry J. Boitel, Rockville Centre, NY, for Plaintiff–Appellee.

Present: OAKES, CALABRESI, and SACK, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the order of the district court be and it hereby is **AFFIRMED**.

Appellant Arthur M. Wisehart, having been suspended from practice for two years by the New York Appellate Division and the Southern District of New York, was discharged by his former client, Plaintiff–Appellee Maureen Healy–Murray, for this and other reasons. He then moved to intervene in her federal age and disability discrimination suit, in order to protect his alleged "charging lien." The district court (Motley, *J.*) denied the motion.

Whether a charging lien supports intervention is an open question in this court.

See *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176–79 (2d Cir.2001) (discussing but declining to decide the matter). We need not reach this question, however, because Wisehart, unlike the appellant in *Butler, Fitzgerald*, did not perfect his charging lien pursuant to N.Y. Jud. § 475 before bringing his motion to intervene.[1] Nor could he have done so, under New York law, because he was discharged for cause. See *Teichner v. W & J Holsteins, Inc.*, 64 N.Y.2d 977, 978–979, 489 N.Y.S.2d 36, 478 N.E.2d 177 (1985) ("[If] discharge[d] with cause, the attorney has no right to compensation"). During argument before the district court on his motion, Wisehart did request a hearing on discharge for cause, which was denied, probably erroneously. See *id.* But on appeal, Wisehart does not properly argue his right to a hearing on the cause issue, and therefore we treat that request as abandoned,[2] and consider whether there was enough evidence of cause before the district court to support the court's exercise of its discretion. Having carefully reviewed the record on appeal, we have no doubt that there was, even assuming, *arguendo*, that Wisehart's suspension for conduct in another case would not constitute "cause" for Healy–Murray to dismiss him.

We have considered Wisehart's other arguments, and deem them without merit.

---

1. Wisehart, that is, did not first obtain a court determination (a) that his dismissal was not "for cause," and (b) that he is owed a nontrivial sum for legal services rendered.

2. In his statement of the issues, Wisehart mentions certain unspecified factual disputes as to which there should have been a hearing. He does not indicate that the factual disputes go to the question of discharge for cause, nor does he elaborate on the matter in the "argument" section of his brief. Moreover, he does not cite any authority for the proposition that a lawyer discharged for cause is entitled to a hearing on that question before losing his rights under N.Y. Jud. § 475. We deem Wisehart's cursory and general statement regarding "hearings" insufficient to preserve on appeal the question of whether he was wrongly denied a hearing on discharge for cause. Cf. *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir.2002) (per curiam) ("The *argument* ... must contain ... the appellant's *contentions* on the issues presented, and the reasons for them, with citations to the *authorities* and *parts of the record* relied on.") (quoting Fed. R.App. P. 28(a)(9)(A)).

Accordingly, we AFFIRM the district court's denial of Wisehart's motion to intervene, and we DISMISS as moot Wisehart's motion to this court to "defer and hold in abeyance final briefing and oral argument pending remand to district court for ruling on summary judgment motion."