RODNEY JONES et al., Respondents, v BIRNIE BUS SERVICE, INC., et al., Defendants. FINKELSTEIN & PARTNERS, L.L.P., Appellant. [789 NYS2d 789]—

Appeal from an order of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered September 23, 2003. The order adjudged that the sum of $3,000 is to be paid to plaintiffs' former attorneys in satisfaction of their rights to any legal fees for their services on behalf of plaintiffs.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying the motion in part and vacating the amount of legal fees to be paid to Finkelstein & Partners, L.L.P. and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Supreme Court properly granted the motion of plaintiffs and their present attorneys to the extent that they sought a determination of the amount of legal fees owed to plaintiffs' former attorneys, Finkelstein & Partners, L.L.P. The court erred, however, in granting the motion to the extent that it sought a determination of the fees on a quantum meruit basis. The record establishes that plaintiffs' former attorneys elected to receive a contingent percentage fee when, upon their discharge in March 2001, they notified plaintiffs' present attorneys by letter that they were requesting that a lien be placed on the file for services rendered by their firm and that their name be included on all settlement drafts issued. That letter, when reasonably construed, establishes an election to receive a contingent percentage fee (*see Lai Ling*

*Cheng v Modansky Leasing Co.,* 73 NY2d 454, 459 [1989]). Furthermore, we note that, upon their discharge in March 2001, plaintiffs' former attorneys did not receive a fixed dollar fee based on the reasonable value of their services, which "easily could have been calculated at the time of discharge without reference to the outcome of the litigation" (*id.*). Rather, the instant motion was not brought until July 2003, more than two years after their discharge. We therefore modify the order accordingly, and we remit the matter to Supreme Court to determine "the relative contributions of the lawyers" and the amount of fees to which plaintiffs' former attorneys are entitled based upon a percentage of the recovery (*id.*).

All concur except Scudder, J., who dissents in part and votes to affirm in the following memorandum.

Scudder, J. (dissenting). I respectfully dissent in part. In my view, Supreme Court did not err in determining the amount of fees owed to plaintiffs' former attorneys based upon the value of the services rendered, and I would therefore affirm. Where the fee dispute is between outgoing and incoming attorneys, the outgoing attorney may elect the method of payment (*see Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655, 658 [1993]; *Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 458 [1989]), and the record establishes that plaintiffs' former attorneys attempted to elect the method of payment. Here, however, the fee dispute is not merely between outgoing and incoming attorneys but, rather, is between both the outgoing attorneys and the incoming attorneys and between the outgoing attorneys and plaintiffs. "Only if the client and attorney agree may the attorney receive a fee based on a percentage of recovery" (*Cohen,* 81 NY2d at 658). Although the instant motion was not made until two years after plaintiffs discharged their former attorneys, the record establishes that plaintiffs did not agree to a fee arrangement with their former attorneys at the time they discharged them and that efforts on behalf of plaintiffs by one of their incoming attorneys to agree upon the amount of legal fees to which the former attorneys were entitled had been unsuccessful. In any event, "a judicial determination of the fee" may be obtained "at any time" (*id.* at 660). Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.