■ PETER BYRNE, Plaintiff, v PAUL K. LEBLOND et al., Defendants. MICHAEL A. ZIMMERMAN & ASSOCIATES, P.C., Nonparty Appellant; ROVEGNO & TAYLOR, P.C., Nonparty Respondent. [811 NYS2d 681]—

In an action to recover damages for personal injuries, Michael A. Zimmerman & Associates, P.C., appeals from an order of the Supreme Court, Kings County (Schack, J.), dated November 5, 2004, which, upon the motion of Rovegno & Taylor, P.C., to determine the division of legal fees between the incoming and outgoing attorneys, awarded Rovegno & Taylor, P.C., attorneys' fees in the total sum of $39,662.29.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether Rovegno & Taylor, P.C., was discharged with or without cause, and the amount of compensation, if any, due to that law firm.

The plaintiff retained the respondent law firm, Rovegno &

Taylor, P.C. (hereinafter the Rovegno firm), to commence a lawsuit on behalf of himself and his wife. The plaintiff executed a retainer agreement which provided for payment to the Rovegno firm of 33⅓% of the sum recovered, whether by suit, settlement, or otherwise. Thereafter, the Rovegno firm commenced the instant personal injury action on behalf of the plaintiff and his wife, derivatively.

However, the plaintiff subsequently executed a consent to change attorney form in favor of the appellant, Michael A. Zimmerman & Associates, P.C. (hereinafter Zimmerman), which was faxed by Zimmerman to the Rovegno firm the same day it was signed. That same day, the Rovegno firm negotiated a $115,000 settlement, which the plaintiff subsequently rejected. Zimmerman eventually settled the case for $200,000.

After Zimmerman and the Rovegno firm became involved in a fee dispute, the Rovegno firm moved for an order determining the division of legal fees. Zimmerman opposed the motion, claiming that the Rovegno firm failed to diligently prosecute the case and was discharged for cause. The Rovegno firm disputed that claim.

The Supreme Court summarily determined on the papers that the Rovegno firm was not discharged for cause, and was entitled to compensation on a contingency basis. The Supreme Court granted the motion, and awarded the Rovegno firm attorneys' fees based upon one third of the rejected $115,000 settlement offer, in the total sum of $39,662.29.

A client has the absolute right to discharge an attorney at any time, with or without cause (*see Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655, 658 [1993]; *Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 43 [1990]; *Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457 [1989]; *Teichner v W & J Holsteins,* 64 NY2d 977, 979 [1985]). As against the client, where the discharge is without cause the outgoing attorney is limited to recovering in quantum meruit the reasonable value of the services rendered (*see Matter of Cohen v Grainger, Tesoriero & Bell, supra* at 658; *Campagnola v Mulholland, Minion & Roe, supra* at 44; *Lai Ling Cheng v Modansky Leasing Co., supra* at 457-458; *Teichner v W & J Holsteins, supra* at 979). If the outgoing attorney is discharged for cause, the attorney is not entitled to any fee, notwithstanding a specific retainer agreement (*see Campagnola v Mulholland, Minion & Roe, supra* at 44; *Teichner v W & J Holsteins, supra* at 979). "But when the dispute is between attorneys, as here, the rules are somewhat different. The discharged attorney may elect to receive compensation immediately based on

quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case" (*Matter of Cohen v Grainger, Tesoriero & Bell, supra* at 658).

Where there are conflicting claims as to the whether an outgoing attorney was discharged with or without cause, a hearing is necessary to resolve such dispute (*see Klein v Eubank,* 87 NY2d 459 [1996]; *Teichner v W & J Holsteins, supra; cf. Hawkins v Lenox Hill Hosp.,* 138 AD2d 572 [1988]). In light of the instant dispute regarding whether the Rovegno firm was discharged with or without cause, the Supreme Court should have conducted a hearing to resolve that issue.

Further, the Supreme Court erred in summarily fixing the amount of compensation based upon one third of the rejected settlement offer (*see Smith v Boscov's Dept. Store,* 192 AD2d 949 [1993]; *DeSalvatore v Lavigne,* 143 AD2d 513 [1988]; *Blunt v Northern Oneida County Landfill [NOCO],* 145 AD2d 913 [1988]). Rather, the Supreme Court should have determined the amount of the contingency fee based upon the proportionate share of the work performed by the Rovegno firm on the whole case taking into consideration the relative contributions of the lawyers thereto (*see Lai Ling Cheng v Modansky Leasing Co., supra* at 458-459; *Jones v Birnie Bus Serv., Inc.,* 15 AD3d 951 [2005]; *Smerda v City of New York,* 7 AD3d 511 [2004]; *Kats v Missry,* 272 AD2d 378 [2000]). Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur. [*See* 5 Misc 3d 877 (2004).]