■ GIUSEPPE CALABRO, Plaintiff, v BOARD OF EDUCATION OF CITY OF NEW YORK, Defendant. TALISMAN, RUDIN & DELORENZ, P.C., Nonparty Appellant; REITANO, SPATA & BELLINI, LLP, Nonparty Respondent. [834 NYS2d 309]—

In an action to recover damages for personal injuries, Talisman, Rudin & DeLorenz, P.C., the plaintiff's former attorney, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated March 20, 2006, as, after a hearing, and upon granting that branch of its motion which was to enforce a charging lien pursuant to Judiciary Law § 475, fixed its proportionate share of a contingent percentage of a legal fee in the sum of only $8,333.33.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new hearing to determine the amount of compensation to be awarded to the appellant as its fee in this matter.

To the extent that the respondent contends that the appellant was not entitled to a charging lien pursuant to Judiciary Law § 475, the issue is not properly before us because the respondent did not take an appeal from the order before us. In any event, the Supreme Court did not err in concluding, in effect, that the appellant, as an outgoing attorney discharged without cause, was entitled to enforce its lien under Judiciary Law § 475 and receive a fee for the work it performed prior to its discharge. Furthermore, since this was a dispute between attorneys, the appellant was entitled to elect, and did elect, to be compensated on the basis of "a contingent percentage fee based upon the proportionate share of the work [it] performed on the whole case" (*Smerda v City of New York*, 7 AD3d 511, 512 [2004]; *see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457-458 [1989]; *Byrne v Leblond*, 25 AD3d 640, 641-642 [2006]).

The Supreme Court, however, failed to determine what proportion of the work in this matter was actually performed by the appellant. Furthermore, the record is patently insufficient to allow us to determine how much work was actually performed by either the appellant or the other attorneys in this matter since, other than a reference to six days of trial time, there was no testimony adduced at the hearing on the appellant's motion as to how much time any of the other attorneys spent on any other work performed on behalf of the plaintiff in this action.

Accordingly, we remit the matter to the Supreme Court, Kings County, for a new hearing to determine the proper contingent percentage fee to be awarded to the appellant.

The respondent's remaining contentions are without merit. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.