■ DIANE KISZENIK, Plaintiff, v COUNTRY LINCOLN-MERCURY WEST, LLC, et al., Defendants. RASKIN & KREMINS, LLP, Nonparty Appellant; SALENGER SACK SCHWARTZ & KIMMEL, LLP, Nonparty Respondent. [851 NYS2d 379]—

In an action to recover damages for personal injuries, Raskin & Kremins, LLP, the plaintiff's former attorney, appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 20, 2007, which denied its motion for a hearing to fix the amount of its attorney's fee.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and determination consistent herewith.

Following the settlement of the plaintiff's personal injury action against the defendants, the plaintiff's former attorney, the nonparty appellant, Raskin & Kremins, LLP (hereinafter the Raskin firm), made a motion for a hearing to fix the amount of an attorney's fee due to it. In support thereof, it set forth the legal services it allegedly performed on behalf of the plaintiff which included, inter alia, requesting copies of all medical records, obtaining the police report, procuring statements from three witnesses, and preparing, filing, and serving the initial summons and complaint. The plaintiff's current attorney, the nonparty respondent, Salenger Sack Schwartz & Kimmel, LLP, opposed the motion, claiming that the Raskin firm was not entitled to an attorney's fee. The Supreme Court denied the motion. We reverse.

Under the circumstances of this case, the Supreme Court erred in denying the Raskin firm's motion. Instead, the Supreme Court should have held a hearing to determine the amount of an attorney's fee, if any, due to the Raskin firm (*see Calabro v Board of Educ. of City of N.Y.*, 39 AD3d 680, 681 [2007]; *Byrne v Leblond*, 25 AD3d 640 [2006]). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing and determination of the amount of an attorney's fee, if any, due to the appellant. Rivera, J.P., Miller, Dillon and Belen, JJ., concur.