■ CPMI, INC., Respondent, v PAUL N. KOLAJ et al., Appellants, et al., Defendant. [885 NYS2d 496]—

In an action, inter alia, to recover damages for breach of two commercial leases, the defendants Paul N. Kolaj and Modesta Kolaj appeal from a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated March 18, 2008, which, upon a decision dated October 15, 2007, and a supplemental decision dated December 5, 2007, made after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $145,814.58.

Ordered that the judgment is affirmed, with costs.

The defendant Paul N. Kolaj (hereinafter Kolaj) entered into two commercial leases on behalf of 342 So. State Pizza Corp. with the plaintiff, the managing agent for the subject premises. Pursuant to the leases, the restaurant to be operated on the premises was to be opened within 120 days after the execution of the leases, and if it was not, the tenant would be obligated to pay the plaintiff additional rent in the amount of 1/360 of the annual rent for each day by which the opening was delayed. The restaurant was not opened until approximately six months after the expiration of the 120-day period. As a result, the plaintiff demanded payment of a charge for the delay in opening the restaurant (hereinafter the late-opening charge) in the amount of $40,869.39. Thereafter, the tenant allegedly failed to pay rent and additional rent, and then vacated the premises prior to the expiration of the terms of the leases. The plaintiff commenced this action against Kolaj and others, alleging various breaches of the subject leases. After a nonjury trial, the Supreme Court entered judgment against Kolaj and the defendant Modesta Kolaj, awarding the plaintiff damages for base rent, additional rent, and the late-opening charge, as well as an attorney's fee and expenses.

The appellants contend that the late-opening charge was an unenforceable penalty and not a valid form of liquidated damages. The subject leases provided that they were to be construed in accordance with the law of the State of Michigan. Under Michigan law, a liquidated damages clause is enforceable if "the

amount stipulated is reasonable with relation to the possible injury suffered" and is "not unconscionable or excessive" (*Curran v Williams,* 352 Mich 278, 282, 283, 89 NW2d 602, 604 [1958]; *see St. Clair Med., P.C. v Borgiel,* 270 Mich App 260, 271, 715 NW2d 914, 921 [2006]). "Courts will not permit parties to stipulate unreasonable sums as damages, and where such an attempt is made have held them penalties and therefore void and unenforceable" (*Curran v Williams,* 352 Mich at 283, 89 NW2d at 604; *see Papo v Aglo Rests. of San Jose, Inc.,* 149 Mich App 285, 294, 386 NW2d 177, 181 [1986] ["The distinction between a valid liquidated damages clause and an illegal penalty depends on the relationship between the amount stipulated to in the liquidated damages clause and the subject matter of the cause of action"]). Liquidated damages are particularly appropriate "where actual damages are uncertain and difficult to ascertain or are of a purely speculative nature" (*Papo v Aglo Rests. of San Jose, Inc.,* 149 Mich App at 294, 386 NW2d at 181; *see Curran v Williams,* 352 Mich at 282, 89 NW2d at 604).

Here, the potential injuries to the plaintiff resulting from the delay in the opening of Kolaj's business, as identified by the plaintiff's president at trial and in the lease provision itself, included "the occurrence of an unanticipated 'dark space' in the Retail Complex [of which the subject premises were a part], necessarily diminished traffic and sales to the Complex, diminished reputation and value of the Complex, and diminished leasing, mortgage refinancing, and sale opportunities of the Complex," as well as possible maintenance problems. The stipulated damages were reasonable in relation to these potential injuries, and were not unconscionable or excessive, particularly since the late-opening charge was applied on a daily basis, rather than in one large lump sum. Moreover, as the Supreme Court correctly observed, the potential injuries to the plaintiff would be "difficult, if not impossible, to quantify." Thus, the Supreme Court properly determined that the late-opening charge provision constituted a valid and enforceable liquidated damages clause, and not an impermissible penalty.

Where, as here, a party has a right to recover an attorney's fee pursuant to a lease provision, "recoverable fees are those that are reasonable" (*Miller Realty Assoc. v Amendola,* 51 AD3d 987, 989 [2008]). In this case, the Supreme Court providently exercised its discretion in determining the amount of the attorney's fee to be awarded to the plaintiff. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.