■ PAULA SCHULTZ, Plaintiff, v TERRANCE HUGHES et al., Defendants. (Matter No. 1.) In the Matter of EDELMAN, KRASIN & JAYE, PLLC, Appellant, v ARTHUR G. TRAKAS, Respondent. (Matter No. 2.) [971 NYS2d 536]—

In an action to recover damages for personal injuries and a proceeding, inter alia, pursuant to Judiciary Law § 475 to ap-

portion attorney's fees, Edelman, Krasin & Jaye, PLLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered February 27, 2012, as denied, without a hearing, those branches of its cross motion and petition which were for a determination that the plaintiff's former attorney, Arthur G. Trakas, was discharged for cause.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether Arthur G. Trakas was discharged with or without cause, and the amount of compensation, if any, due to him.

In June 2009, the plaintiff retained Arthur G. Trakas to commence the instant action to recover damages for personal injuries allegedly sustained by her as a result of an automobile accident (hereinafter the personal injury action). In January 2010, she discharged Trakas and retained the appellant, Edelman, Krasin & Jaye, PLLC (hereinafter the Edelman firm), as counsel to represent her in the personal injury action. Thereafter, Trakas and the Edelman firm entered into a stipulation dated January 28, 2010, wherein they agreed, inter alia, that the attorney's fees to which Trakas would be entitled "shall be based on a contingency fee basis." In June 2011, the Edelman firm negotiated a substantial settlement on the plaintiff's behalf.

In November 2011, the Edelman firm commenced a proceeding, inter alia, pursuant to Judiciary Law § 475 to apportion the attorney's fees between it and Trakas. The Edelman firm further sought a determination that Trakas had been discharged for cause, alleging that he violated several disciplinary rules and, thus, was not entitled to any attorney's fees for services rendered. Upon a motion by Trakas, wherein he disputed the claim that he had been discharged for cause, and a cross motion by the Edelman firm, the Supreme Court summarily determined on the papers submitted that Trakas had not been discharged for cause.

A client has "an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney" (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 43 [1990]; *see Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 698 [2011]; *Coccia v Liotti*, 70 AD3d 747, 757 [2010]). Where the discharge is without cause, the attorney may recover the reasonable value of his or her services in quantum meruit (*see Campagnola v Mulholland, Minion & Roe*, 76 NY2d at 44; *Teichner v W & J Holsteins*, 64 NY2d 977, 979 [1985]; *Callaghan v Callaghan*, 48 AD3d 500, 500-501 [2008];

*Lopresti v Ingenito*, 229 AD2d 567 [1996]). In contrast, "[a]n attorney who is discharged for cause . . . is not entitled to compensation or a lien" (*Callaghan v Callaghan*, 48 AD3d at 501; *see Campagnola v Mulholland, Minion & Roe*, 76 NY2d at 44; *Coccia v Liotti*, 70 AD3d at 757). An attorney who violates a disciplinary rule may be discharged for cause and is not entitled to fees for any services rendered (*see Doviak v Finkelstein & Partners, LLP*, 90 AD3d at 699; *Quinn v Walsh*, 18 AD3d 638 [2005]; *Matter of Satin*, 265 AD2d 330 [1999]).

"Where there are conflicting claims as to whether an outgoing attorney was discharged with or without cause, a hearing is necessary to resolve such dispute" (*Byrne v Leblond*, 25 AD3d 640, 642 [2006]; *see Teichner v W & J Holsteins*, 64 NY2d at 979). Here, Trakas and the Edelman firm presented conflicting claims as to whether Trakas was discharged with or without cause. Thus, the Supreme Court should have conducted a hearing to resolve that issue. Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether Trakas was discharged with or without cause, and the amount of compensation, if any, due to him. Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.