■ RICARDO SACARELLO, Plaintiff, v CITY OF NEW YORK et al., Defendants. THOMAS WILSON, Nonparty Appellant; MANUEL A. ROMERO, Nonparty Respondent. [997 NYS2d 905]—

In an action to recover damages for personal injuries, nonparty Thomas Wilson, the plaintiff's former attorney, appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated December 10, 2012, which granted, without a hearing, the motion of the plaintiff's attorney, nonparty

Manuel A. Romero, to quash a charging lien pursuant to Judiciary Law § 475.

Ordered that the order is affirmed, with costs.

In June 2003, the plaintiff retained attorney Thomas Wilson to commence the instant action to recover damages for personal injuries. In May 2004, the plaintiff discharged Wilson and retained Manuel A. Romero to represent him in the personal injury action. In January 2011, Romero negotiated a settlement on the plaintiff's behalf. In June 2011, Romero moved to quash Wilson's charging lien pursuant to Judiciary Law § 475, arguing that Wilson had been discharged for cause. The Supreme Court granted the motion without a hearing, and Wilson appeals.

A client has "an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney" (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 43 [1990]; *see Schultz v Hughes*, 109 AD3d 895, 896 [2013]; *Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 698 [2011]; *Coccia v Liotti*, 70 AD3d 747, 757 [2010]). "Where an attorney's representation terminates upon mutual consent, and there has been no misconduct, no discharge for just cause, and no unjustified abandonment by the attorney, the attorney maintains his or her right to enforce the statutory lien" (*Lansky v Easow*, 304 AD2d 533, 534 [2003]; *see* Judiciary Law § 475; *Klein v Eubank*, 87 NY2d 459, 462 [1996]). In contrast, "[a]n attorney who is discharged for cause . . . is not entitled to compensation or a lien" (*Callaghan v Callaghan*, 48 AD3d 500, 501 [2008]; *see Campagnola v Mulholland, Minion & Roe*, 76 NY2d at 44; *Schultz v Hughes*, 109 AD3d at 897; *Coccia v Liotti*, 70 AD3d at 757). "Where there are conflicting claims as to . . . whether an outgoing attorney was discharged with or without cause, a hearing is necessary to resolve such dispute" (*Byrne v Leblond*, 25 AD3d 640, 642 [2006]; *see Teichner v W & J Holsteins*, 64 NY2d 977, 979 [1985]; *Schultz v Hughes*, 109 AD3d at 897; *cf. Braider v 194 Riverside Owners Corp.*, 237 AD2d 147 [1997]; *Hawkins v Lenox Hill Hosp.*, 138 AD2d 572 [1988]).

On his motion to quash Wilson's charging lien, Romero submitted evidence in support of his contention that the plaintiff had discharged Wilson for cause. In opposition, Wilson failed to dispute or address Romero's factual assertions and, thus, there were no "conflicting claims" as to whether the discharge was for cause (*Byrne v Leblond*, 25 AD3d at 642). Therefore, the Supreme Court properly granted, without a hearing, Romero's motion to quash the charging lien pursuant to Judiciary Law § 475 (*see Hawkins v Lenox Hill Hosp.*, 138 AD2d at 572). Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.