■ CPMI, Inc., Appellant, v Paul N. Kolaj, Individually and Doing Business as 342 So. State Pizza Corp., to be Formed Doing Business as Famous Famiglia, et al., Defendants. Stephen R. Sugrue, Nonparty Respondent. [27 NYS3d 256]—

In an action, inter alia, to recover damages for breach of two commercial leases, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered March 31, 2014, as, in effect, (a) denied that branch of its motion which was to vacate a charging lien of its former attorney, nonparty Stephen R. Sugrue, in the amount of $37,283.43, and, thereupon, determined that Stephen R. Sugrue was entitled to a charging lien in that amount, and (b) directed a hearing on that branch of its motion which was to vacate an additional charging lien of Stephen R. Sugrue on the plaintiff's recovery against the defendants, and (2) from an order of the same court (Colabella, J.) dated July 21, 2014, which denied its motion to compel discovery from Stephen R. Sugrue.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from so much of the order entered March 31, 2014 as, in effect, directed a hearing on that branch of the plaintiff's motion which was to vacate an additional charging lien of Stephen R. Sugrue on the plaintiff's recovery against the defendants is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order entered March 31, 2014 is modified, on the law, by deleting the provision thereof, in effect, directing a hearing on that branch of the plaintiff's motion which was to vacate an additional charging lien of Stephen R. Sugrue on the plaintiff's recovery against the defendants, and substituting therefor a provision granting that branch of the motion; as so modified, the order entered March 31, 2014, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated July 21, 2014 is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered March 31, 2014.

In or about May 2004, the plaintiff retained nonparty attorney Stephen R. Sugrue as its counsel in the instant action, inter alia, to recover damages for breach of two commercial leases. The retainer agreement provided "for a contingency fee of [33⅓%] of any and all sums actually recovered from any defendant in this matter from this point in time forward, whether as a result of a judgment, settlement or voluntary payment by any such defendant." After a nonjury trial, the Supreme Court

entered a judgment dated March 18, 2008 in favor of the plaintiff and against the defendants Paul N. Kolaj and Modesta Kolaj in the principal sum of $145,814.58, which sum included an award of reasonable attorneys' fees in the sum of $36,453.83, plus $829.60 for additional expenses, for a total of $37,283.43 in attorneys' fees and expenses recoverable pursuant to the terms of the plaintiff's lease and guaranty agreements with the defendants. The court determined that the award of attorneys' fees was reasonable after considering the amount of time spent by counsel on the case. That judgment was affirmed by this Court (see *CPMI, Inc. v Kolaj*, 65 AD3d 605 [2009]).

Sugrue claimed that it was not his obligation to enforce the judgment. After he was paid an additional fee to handle the appeal, by letter dated January 2, 2012, he informed the plaintiff's president that he had "no obligation whatsoever to take any step to collect the judgment," and that his obligation was only to take the case through the trial. However, he acknowledged he had an "incentive" to collect the judgment, but stated that he would report on his efforts only "when it is done." In May 2012, Sugrue accepted a $10,000 check from the Kolaj defendants as partial payment of the judgment and consideration for an adjournment of depositions. By letter dated June 8, 2012, the plaintiff formally discharged Sugrue owing to his delay in seeking enforcement of the judgment. The plaintiff hired new counsel, which settled the plaintiff's claim for $395,000, which included interest on the judgment.

The plaintiff moved to vacate Sugrue's charging lien pursuant to Judiciary Law § 475, arguing that Sugrue had been discharged for cause. The Supreme Court, in effect, denied that branch of the motion which was to vacate a charging lien in the amount of $37,283.43, representing the attorneys' fees and expenses awarded in the judgment, and determined that Sugrue was entitled to a charging lien in that amount. In addition, the court, in effect, directed a hearing on that branch of the plaintiff's motion which was to vacate an additional charging lien on the plaintiff's recovery against the defendants. The plaintiff then moved to compel discovery from Sugrue in connection with the hearing, and that motion was denied.

A client has "an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney" (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d 38, 43 [1990]; see *Schultz v Hughes*, 109 AD3d 895, 896 [2013]; *Doviak v Finkelstein & Partners, LLP*, 90 AD3d 696, 698 [2011]; *Coccia v Liotti*, 70 AD3d 747, 757 [2010]). "Where an attorney's representation terminates upon mutual

consent, and there has been no misconduct, no discharge for just cause, and no unjustified abandonment by the attorney, the attorney maintains his or her right to enforce the statutory lien" (*Lansky v Easow*, 304 AD2d 533, 534 [2003]; *see* Judiciary Law § 475; *Klein v Eubank*, 87 NY2d 459, 462 [1996]). "Where the discharge is for cause, the attorney has no right to compensation . . . , notwithstanding a specific retainer agreement" (*Campagnola v Mulholland, Minion & Roe*, 76 NY2d at 44). "Where there are conflicting claims as to . . . whether an outgoing attorney was discharged with or without cause, a hearing is necessary to resolve such dispute" (*Byrne v Leblond*, 25 AD3d 640, 642 [2006]; *see Teichner v W & J Holsteins*, 64 NY2d 977, 979 [1985]; *Schultz v Hughes*, 109 AD3d at 897; *cf. Braider v 194 Riverside Owners Corp.*, 237 AD2d 147 [1997]; *Hawkins v Lenox Hill Hosp.*, 138 AD2d 572 [1988]).

Here, Sugrue fulfilled an obligation under the retainer agreement to obtain a judgment on the plaintiff's behalf, and that judgment specifically included an award of attorneys' fees and expenses in the amount of $37,283.43 pursuant to the parties' agreements. The Supreme Court determined that those fees were reasonable based upon the amount of time spent by counsel on the case. Under the particular circumstances of this case, notwithstanding the fact that, as discussed below, events which occurred after the entry of the judgment warranted a discharge for cause, there is no basis to vacate Sugrue's charging lien against the award of attorneys' fees and expenses made in the judgment.

However, on its motion to vacate Sugrue's charging lien, the plaintiff submitted evidence in support of its contention that it thereafter discharged Sugrue for cause, owing to his delay and recalcitrance in seeking enforcement of the judgment (*see Matter of Rosentover v Weiss*, 247 App Div 137 [1936], *affd* 272 NY 557 [1936]). In opposition, Sugrue failed to adduce evidence to raise a triable issue of fact to rebut the plaintiff's claim (*see Sacarello v City of New York*, 124 AD3d 617 [2015]; *Byrne v Leblond*, 25 AD3d 640 [2006]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to vacate a charging lien pursuant to Judiciary Law § 475 for any sums recovered from the defendants in excess of the $37,283.43 originally awarded (*see Sacarello v City of New York*, 124 AD3d 617 [2015]).

As no hearing is required to resolve the plaintiff's motion to vacate the charging lien, we dismiss, as academic, the appeal from the order dated July 21, 2014 which denied the plaintiff's motion to compel discovery from Sugrue. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.