Lashana J. Weaver, Respondent, 
against
Douglas Rankin, Appellant. 

Law Office of Douglas Rankin, P.C. (Douglas G. Rankin of counsel), appellant pro se..
Lashana J. Weaver, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered June 8, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,000.
ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000, which includes a full refund of the money she paid defendant, an attorney, to represent her in grand jury proceedings and an additional amount based on a claim of ineffective assistance of counsel. At a nonjury trial, it was established that, in early 2014, plaintiff had paid defendant $2,000 of an agreed-upon $2,500 retainer fee to represent her through the conclusion of grand jury proceedings, including the expungement of any and all records pertaining to plaintiff's arrest. It was undisputed that defendant had made a motion for plaintiff to appear before the grand jury and had appeared in court on plaintiff's behalf. However, on the date that had been designated for plaintiff's grand jury appearance, plaintiff was outside New York State, attending to her mother, who was seriously ill. The parties gave contradictory testimony concerning defendant's efforts to apprise plaintiff about the status of the case, as well as the circumstances pursuant to which defendant's representation of plaintiff ended. It was, however, established that plaintiff had discharged defendant before the final conclusion of the grand jury proceedings and the expungement of any and all records pertaining to plaintiff's arrest. Plaintiff subsequently retained substitute counsel and thereafter testified before a grand jury, following which the criminal charges against her were dropped. After the trial, the Civil Court awarded judgment to plaintiff in the principal sum of $2,000.
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Where an attorney is discharged with cause, the attorney has no right to compensation (Teichner v W & J Holsteins, 64 NY2d 977, 979 [1985]) "notwithstanding a specific retainer agreement" (Byrne v Leblond, 25 AD3d 640, 641 [2006]). Where an attorney is discharged without cause, the attorney is entitled to retain so much of a retainer fee as has been earned, as determined on a quantum meruit basis (see McGibbon v Gildin, Zelenitz & Shapiro, P.C., 51 Misc 3d 146[A], 2016 NY Slip Op 50741[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; see also Matter of Cooperman, 83 NY2d 465, 473 [1994]). In an action for the refund of an attorney's retainer fee or a portion thereof, where the plaintiff has not demonstrated that the attorney was discharged for cause, the client bears the initial burden of establishing that she paid the fee and that the attorney failed to earn the amount the client paid, whereupon "the burden shifts to the attorney, who bears the ultimate burden of demonstrating the fair and reasonable value of the services rendered" (Athanasatos v Johnson, 63 Misc 3d 160[A], 2019 NY Slip Op 50880[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also Superior Sleep Servs., Inc. v Diana Brodstein, Attorney at Law, P.C., 42 Misc 3d 142[A], 2014 NY Slip Op 50223[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
On the record before us, we are unable to determine whether the Civil Court found that plaintiff had discharged defendant for cause. In any event, plaintiff's evidence, which the court implicitly credited, that defendant had failed to communicate with plaintiff regarding court dates and had appeared in court only once on plaintiff's behalf, was sufficient to demonstrate, at the very least, prima facie, that defendant had failed to earn the entirety of his $2,000 retainer. Consequently, the burden shifted to defendant to demonstrate the fair and reasonable value of the legal services that he had rendered to plaintiff so as to entitle him to retain any or all of the retainer. As defendant failed to offer evidence of the time he had spent on plaintiff's case, the complexity of the matter, his experience, ability and reputation, the benefit plaintiff had received from his services, and the fee usually charged by other attorneys for similar services (see Biagioni v Narrows MRI & Diagnostic Radiology, P.C., 127 AD3d 800, 801 [2015]; Padilla v Sansivieri, 31 AD3d 64, 67 [2006]), there is no basis for this court to disturb the judgment in favor of plaintiff, which rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 12, 2020