Finn v Piesco

2026 NY Slip Op 01941

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Patricia Finn, appellant,

v

Frederick Piesco, Jr., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2021-09114, (Index No. 687/13)

Colleen D. Duffy, J.P.

William G. Ford

Carl J. Landicino

Lourdes M. Ventura, JJ.

Patricia Finn, Nanuet, NY, appellant pro se.

Mary Lou Chatterton, Albany, NY, for respondent.

[*1]

DECISION & ORDER

In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated November 9, 2021. The judgment of divorce, made after a nonjury trial, inter alia, did not award maintenance to the plaintiff and awarded attorney's fees to the defendant in the sum of $10,000 pursuant to 22 NYCRR 130-1.1.

ORDERED that the judgment of divorce is modified, on the law, by deleting the provision thereof awarding attorney's fees to the defendant in the sum of $10,000 pursuant to 22 NYCRR 130-1.1; as so modified, the judgment of divorce is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Rockland County, for a hearing and a new determination as to the amount of attorney's fees to be awarded to the defendant pursuant to 22 NYCRR 130-1.1 and for the entry of an appropriate amended judgment of divorce thereafter.

The parties were married in 1995. In April 2013, the plaintiff commenced this action for a divorce and ancillary relief, and, after a nonjury trial, the Supreme Court issued a judgment of divorce dated November 9, 2021. Pursuant to the judgment of divorce, the court, among other things, did not award maintenance to the plaintiff and awarded attorney's fees to the defendant in the sum of $10,000 pursuant to 22 NYCRR 130-1.1. The plaintiff appeals from stated portions of the judgment of divorce.

"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928; see Carroll v Carroll, 125 AD3d 710, 711). Here, considering the relevant factors, including the determination that the plaintiff's law practice constituted her separate property, the Supreme Court providently exercised its discretion in denying the plaintiff's request for maintenance (see Ostrower v Ostrower, 148 AD3d 819, 820; Szewczuk v Szewczuk, 107 AD3d 692, 693).

The Supreme Court properly refused to consider a photocopy of a document that the plaintiff alleged was an executed copy of the parties' separation agreement. Where, as here, there [*2]is a dispute as to the contents of a document, the best evidence rule requires the production of the original writing (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643; Billingy v Blagrove, 84 AD3d 848, 848).

The plaintiff, who proceeded pro se, was not deprived of the effective assistance of counsel. Here, the plaintiff had no statutory or constitutional right to counsel concerning the financial aspects of the matrimonial action at issue (see Matter of Smiley, 36 NY2d 433; Socci v Socci, 186 AD3d 1289, 1290). Further, "[i]n the context of civil litigation, a claim of ineffective assistance will not be entertained, absent extraordinary circumstances" (Salvatore v Salvatore, 68 AD3d 966, 967). Here, the plaintiff, who is an attorney, failed to demonstrate the existence of extraordinary circumstances.

The Supreme Court should have held a hearing as to the amount of attorney's fees to be awarded to the defendant before issuing an award of attorney's fees to the defendant's counsel in the sum of $10,000 pursuant to 22 NYCRR 130-1.1. There were no detailed billing records submitted to demonstrate whether the amount of attorney's fees awarded was reasonable (see Gertler v Davidoff Hutcher & Citron, LLP, 233 AD3d 846, 847-848; Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1036). Thus, the matter must be remitted to the Supreme Court, Rockland County, for a hearing and a new determination as to the amount of attorney's fees to be awarded to the defendant pursuant to 22 NYCRR 130-1.1 and for the entry of an appropriate amended judgment of divorce thereafter (see Neeman v Smith, 227 AD3d 818, 821; Kiszenik v Country Lincoln-Mercury W., LLC, 48 AD3d 756, 756).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.

DUFFY, J.P., FORD, LANDICINO and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court