■ SHERRY HAWKINS, an Infant, by Her Parent and Natural Guardian, TERRIE HAWKINS, et al., Appellants, v LENOX HILL HOSPITAL et al., Defendants. OLIVERI AND SCHWARTZ, Nonparty Respondents.—In a malpractice action, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated May 13, 1987, as denied their motion for an order discharging their attorneys of record for cause.

Ordered that the order is affirmed insofar as appealed from, with costs.

The facts disclosed by the record do not show just cause for the discharge of the plaintiffs' attorneys. We do not agree with the plaintiffs' contention that a hearing was required to determine whether the discharge was for cause. "It is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (People v Gruden, 42 NY2d 214, 215; see also, Quantum Heating Servs. v Austern, 100 AD2d 843; CPLR 2218).

The general rule that a hearing is required to determine if an attorney is discharged for cause or without cause before completion of his services, as enunciated in Matter of Weitling (266 NY 184), does not compel a contrary result. There, the court had directed the outgoing attorneys to turn over certain papers to an attorney substituted in their place and stead, without a proper hearing to determine whether they were entitled to a retaining lien. The Court of Appeals stated that "[i]t is a serious matter to charge an attorney with such unprofessional conduct as will entitle a client to a surrender of papers in his possession without the payment of his fair and just compensation * * * Testimony should be taken and the issue should be heard by the court or the matter sent to a referee" (Matter of Weitling, supra, at 187). Under the circumstances present here, the parties zealously contested this matter—in the motion papers and during oral arguments— and the Judge determined that the attorneys were discharged without cause. Also, the record indicates that there is no " 'factual dispute as to [the attorneys'] conduct unresolvable from the papers on the motion' " (Quantum Heating Servs. v Austern, supra, at 844). We find that the attorneys prosecuted the plaintiffs' action with reasonable diligence and that the charges against them do not constitute misconduct.

We also find that the plaintiffs' letter informing the attorneys that they "intend to obtain other counsel" did not disclose an "unmistakable purpose to sever relations" (3 NY Jur, Attorney and Client, § 5; *Costello v Bruskin,* 58 AD2d 573, 574) and that the attorneys had the authority to serve a bill of particulars after receipt of the letter. Until an attorney of record is discharged by order of the court or by the filing of the consent of the retiring attorney and party in the prescribed form *(see,* CPLR 321 [b]), the attorney represents the party *(Hess v Tyszko,* 46 AD2d 980). Thus, we adhere to the determination that the attorneys were discharged "not for cause". Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.