ANTHONY RUSSO et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. KELLY & GROSSMAN, LLP, Nonparty Appellant; BONITA E. ZELMAN, Nonparty Respondent. [853 NYS2d 87]—

In an action to recover damages for personal injuries, etc., nonparty Kelly & Grossman, LLP, current attorneys for the plaintiff Louis Forrisi, appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated June 23, 2006, which, inter alia, in effect, granted that branch of the motion of nonparty Bonita E. Zelman, former attorney of the plaintiff Louis Forrisi, which was to determine an attorney's fee for legal services rendered by her, and directed it to pay Bonita E. Zelman the sum of $640,245.24, representing 60% of one third of a settlement in the underlying personal injury action.

Ordered that the order is affirmed, with costs.

In July 1996 the plaintiffs Anthony Russo, Louis Forrisi and his wife Caroline Forrisi hired attorney Bonita E. Zelman to represent them in an action to recover damages for personal injuries, inter alia, stemming from a gas explosion which occurred on July 6, 1996 in Brooklyn. The retainer provided that Zelman would receive a contingency fee of one third of the recovered amount. In April 1997 Zelman commenced an action on the plaintiffs' behalf in the Supreme Court, Kings County. Seven years later, in April 2004, Louis Forrisi (hereinafter For-

risi) discharged Zelman and retained Donahue, Grossman & Flanagan, the predecessor firm to Forrisi's current attorneys, Kelly & Grossman, LLP (hereinafter Kelly & Grossman). In December 2005, near the end of a trial in the Supreme Court, Kings County, Kelly & Grossman obtained a settlement of Forrisi's claims for the sum of $3,250,000, agreeing to accept a contingency fee of one quarter of the amount recovered. Zelman settled the claims of the plaintiff Anthony Russo for the sum of $4,000,000. In January 2006 Kelly & Grossman commenced an action in the Supreme Court, Nassau County, among other things, seeking a declaration that Zelman was not entitled to share in the legal fees in connection with the Forrisi settlement. Zelman filed an answer with counterclaims, and then moved by order to show cause in the Supreme Court, Kings County, seeking, inter alia, to determine the amount of legal fees due to her for her representation of Forrisi. In the order appealed from, the Supreme Court found that Zelman was entitled to 60% of one third of Forrisi's settlement, based on Zelman's original one-third fee agreement, notwithstanding that Kelly & Grossman had agreed to reduce its fee to one quarter of the amount recovered. The court directed Kelly & Grossman to pay Zelman the sum of $640,245.24.

Contrary to Kelly & Grossman's contention, the Supreme Court retained jurisdiction over the fee dispute between the attorneys based on a charging lien without the need for a plenary action (*see Callaghan v Callaghan,* 13 AD3d 406 [2004]; *Costello v Kiaer,* 278 AD2d 50 [2000]).

There was no evidence that Zelman was discharged for cause so as to preclude her from a share of her charging lien (*see Smerda v City of New York,* 7 AD3d 511 [2004]). Where there is a fee dispute between attorneys, the amount due an outgoing attorney is based on the proportionate share of the work performed (*see Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457-458 [1989]). The Supreme Court's determination that Zelman was entitled to 60% of one third of Forrisi's settlement, based on her original one-third fee agreement and the work performed by her, was not an improvident exercise of the court's discretion (*see Byrne v Leblond,* 25 AD3d 640 [2006]; *Mazza v Marcello,* 20 AD3d 554 [2005]; *Ebrahimian v Long Is. R.R.,* 269 AD2d 488 [2000]).

Kelly & Grossman's remaining contentions are without merit. Mastro, J.P., Miller, Balkin and Dickerson, JJ., concur.