■ SANDRA GALANTE, Plaintiff, v SARAH REID et al., Defendants. KRENTSEL & GUZMAN, LLP, Nonparty Appellant; SGARLATO & SGARLATO, PLLC, Nonparty Respondent. [60 NYS3d 397]—

In an action to recover damages for personal injuries, nonparty Krentsel & Guzman, LLP, appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Troia, J.), dated August 5, 2016, as granted the motion of nonparty Sgarlato & Sgarlato, PLLC, to confirm a referee's report (McGrail, Ct. Atty. Ref.) dated May 9, 2016, made after a hearing, recommending that Sgarlato & Sgarlato, PLLC, was entitled to 35% of the net contingency fee recoverable in the action and Krentsel & Guzman, LLP, was entitled to only 65% of the net contingency fee.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting the motion of Sgarlato & Sgarlato, PLLC, to confirm the Referee's report recommending that it was entitled to 35% of the net contingency fee recoverable in the action and Krentsel & Guzman, LLP, was entitled to 65% of the net contingency fee, and substituting therefor a provision granting the motion to the extent that Sgarlato & Sgarlato, PLLC, is entitled to 15% of the net contingency fee recoverable in the action and Krentsel & Guzman, LLP, is entitled to 85% of the net contingency fee, and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to Krentsel & Guzman, LLP.

The plaintiff was injured in a motor vehicle accident and retained nonparty Sgarlato & Sgarlato, PLLC (hereinafter Sgarlato), to represent her in this personal injury action. Sgarlato conducted a preliminary investigation into the accident, filed the summons and complaint, attended a preliminary conference, and worked to obtain letters of administration for the estate of one of the defendants, who died after the action was commenced. Krentsel & Guzman, LLP (hereinafter K&G), the plaintiff's current counsel, was substituted for Sgarlato during the pendency of the action. K&G engaged in ongoing discovery, deposed the defendant, defended the plaintiff during her depositions, attended court conferences, prepared the plaintiff for trial, and picked a jury. Additionally, K&G obtained a verdict on the issue of liability in favor of the plaintiff and settled the action for $145,000 at the beginning of the damages phase of the trial.

Following the settlement of the action, the sum of $47,165.29 was placed in escrow for the payment of attorneys' fees, and Sgarlato moved for a hearing to determine the apportionment of the net attorneys' fee award between it and K&G. The Supreme Court referred the matter to a special referee to hear and report on the allocation of attorneys' fees. After a hearing, the Referee issued a report recommending that Sgarlato was entitled to the sum of $16,507.85, representing 35% of the net contingency fee recoverable in the action, and that K&G was entitled to the sum of $30,657.44, representing 65% of the net contingency fee. Subsequently, the Supreme Court granted Sgarlato's motion to confirm the Referee's report in its entirety. K&G appeals.

The Supreme Court erred in granting Sgarlato's motion to confirm the Referee's report in its entirety. Under the circumstances of this case, considering the amount of time spent by Sgarlato and K&G on this action, the nature of the work performed, and their relative contributions to the amount of the recovery (*see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458 [1989]; *Montanez v Jeffrey M. Brown Assoc., Inc.*, 131 AD3d 1024, 1025 [2015]; *Pearse v Delehanty*, 105 AD3d 1023, 1024 [2013]; *Brown v Governele*, 29 AD3d 617, 618 [2006]), Sgarlato's motion to confirm the report should have been granted only to the extent of awarding Sgarlato the sum of $7,074.79, representing 15% of the net contingency fee recoverable in the action, and awarding K&G the sum of $40,090.50, representing 85% of the net contingency fee. Chambers, J.P., Miller, Barros and Connolly, JJ., concur.