Sessa v Doxey (2019 NY Slip Op 03644)





Sessa v Doxey


2019 NY Slip Op 03644


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-00681
 (Index No. 4247/12)

[*1]Brian Sessa, et al., appellants, 
v
Frank Doxey, et al., defendants-respondents; Law Office of Steven Cohn, P.C., et al., nonparty-respondents.


Mavrides, Moyal, Packman & Sadkin, LLP, New York, NY (Heath Olnowich of counsel), for appellants.
Mazzara & Small, P.C., Bohemia, NY (Timothy F. Mazzara of counsel), for defendants-respondents.
Law Office of Steven Cohn, P.C., Carle Place, NY (Mitchell R. Goldklang of counsel), nonparty-respondent pro se.



DECISION & ORDER
In an action to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered November 15, 2016. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for a determination that the plaintiffs' former counsel were discharged for cause, an award of costs and attorneys' fees and the imposition of sanctions against the plaintiffs' former counsel for frivolous conduct, and a stay of the action pending resolution of the fee dispute between the plaintiffs and their former counsel.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants-respondents and the nonparty-respondent Law Office of Steven Cohn, P.C., appearing separately and filing separate briefs.
"A client has an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney'" (Doviak v Finkelstein & Partners, LLP, 90 AD3d 696, 698-699, quoting Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 43; see Schultz v Hughes, 109 AD3d 895, 896). "In general, a hearing is required to determine whether a client has cause for discharging an attorney" (Doviak v Finkelstein & Partners, LLP, 90 AD3d at 699; see Hawkins v Lenox Hill Hosp., 138 AD2d 572, 572; CPMI, Inc. v Kolaj, 137 AD3d 953, 956). However, " a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue'" (Hawkins v Lenox Hill Hosp., 138 AD2d at 572, quoting People v Gruden, 42 NY2d 214, 215). Accordingly, a court may determine whether an attorney was discharged for cause without conducting a hearing if there is no factual dispute as to the attorneys' conduct unresolvable from the papers on the motion (see Hawkins v Lenox Hill Hosp., 138 AD2d at 572).
Under the circumstances presented, we agree with the Supreme Court's denial, without a hearing, of that branch of the plaintiffs' motion which was for a determination that the plaintiffs' former counsel were discharged for cause (see id.). The record demonstrates that the plaintiffs have a fee dispute with their former counsel, rather than a bona fide claim of attorney misconduct.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for an award of costs and attorneys' fees and the imposition of sanctions against the plaintiffs' former counsel because the plaintiffs failed to demonstrate that their former counsel engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1(c) (see Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 800).
The plaintiffs' remaining contention is without merit.
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court