Kokkalis v Arnstein (2019 NY Slip Op 04369)





Kokkalis v Arnstein


2019 NY Slip Op 04369


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-07584
 (Index No. 704655/14)

[*1]Kostakis Kokkalis, plaintiff, 
v
Ronald S. Arnstein, defendant; Sacco & Fillas, LLP, nonparty-appellant; Lambrou Law Firm, P.C., nonparty-respondent.


Sacco & Fillas, LLP, Astoria, NY (Adam Nichols of counsel), nonparty-appellant pro se.
Lambrou Law Firm, P.C., New York, NY (Lambros Y. Lambrou of counsel), nonparty-respondent pro se.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Sacco & Fillas, LLP, appeals from a judgment of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered January 9, 2018. The judgment, upon an order of the same court dated December 12, 2017, made after a hearing, granting the motion of nonparty Lambrou Law Firm, P.C., for an allocation of the net contingency fee recoverable in this action, and determining that Lambrou Law Firm, P.C., was entitled to the principal sum of $10,000, representing approximately 43% of the net contingency fee, is in favor of Lambrou Law Firm, P.C., and against Sacco & Fillas, LLP, in the principal sum of $10,000.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, with costs to nonparty Sacco & Fillas, LLP, by reducing the sum awarded to nonpary Lambrou Law Firm, P.C., from the principal sum of $10,000 to the principal sum of $5,000; as so modified, the judgment is affirmed, the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment, and the order dated December 12, 2017, is modified accordingly.
The plaintiff allegedly was injured in a motor vehicle accident and retained nonparty The Lambrou Law Firm, P.C. (hereinafter Lambrou), to represent him in this personal injury action. During its approximately four-month representation of the plaintiff, Lambrou performed preliminary investigative work, filed a summons and complaint on behalf of the plaintiff, referred the plaintiff to a workers' compensation attorney, filed a motion for leave to enter a default judgment, prepared initial discovery demands and responses, obtained medical records, and attended a preliminary conference. Nonparty Sacco & Fillas, LLP (hereinafter Sacco), then handled the case for more than two years by engaging in ongoing discovery, deposing the defendant, defending the plaintiff's deposition, preparing for trial, selecting a jury, and settling the action for $70,000.
Following the settlement of the action, Lambrou moved for a hearing to determine the allocation of the net contingency fee award between it and Sacco. In the judgment appealed from, after a hearing, the Supreme Court apportioned the principal sum of $10,000, representing [*2]approximately 43% of the net contingency fee, to Lambrou. Sacco appeals.
"In the case of a fee dispute between outgoing and incoming attorneys, the outgoing attorney has the right to elect either immediate compensation based on quantum meruit for the reasonable value of services rendered, or a contingent percentage fee to be determined at the conclusion of the litigation" (Matter of Wingate, Russotti & Shapiro, LLP v Friedman, Khafif & Assoc., 41 AD3d 367, 370; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458). "Where, as here, an election was not made by the outgoing attorney at the time of discharge, there is a presumption that the attorney has chosen a proportionate share of the contingency fee" (Ficaro v Alexander, 142 AD3d 1043, 1043).
Even though Lambrou failed to submit any time records in support of the services it rendered, the value of its services could still be ascertained based upon the testimony of the attorney who handled the case as well as other documents contained within the file which reflects the work performed (see Buchta v Union-Endicott Cent. School Dist., 296 AD2d 688; Costello v Kiaer, 278 AD2d 50, 50). Considering the amount of time spent by the attorneys in this case, the nature of the work performed, and their relative contributions (see Kottl v Carey, 85 AD3d 870; Lai Ling Cheng v Modansly Leasing Co., 73 NY2d at 458), we disagree with the Supreme Court's assessment of the legal services provided by Lambrou. Accordingly, we reduce the award to Lambrou from the principal sum of $10,000 to the principal sum of $5,000 (see Galante v Reid, 153 AD3d 902, 902; Montanez v Jeffrey M. Brown Assoc., Inc., 131 AD3d 1024; Han Soo Lee v Riverhead Bay Motors, 110 AD3d 436, 436).
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court