Berkowitz v Helms Bros., Inc. (2021 NY Slip Op 02127)





Berkowitz v Helms Bros., Inc.


2021 NY Slip Op 02127


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-08963
 (Index No. 27886/05)

[*1]Orna Berkowitz, etc., plaintiff, 
v
Helms Brothers, Inc., et al., defendants; H.Q. Nguyen, et al., nonparty-appellants; Yankowitz Law Firm, nonparty-respondent.


Blank, Goolnick & Dittenhoefer (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), nonparty-appellant pro se and for nonparty-appellant H.Q. Nguyen.
Richard M. Maltz, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, nonparties H.Q. Nguyen and Blank, Goolnick & Dittenhoefer appeal from a judgment of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated December 22, 2017. The judgment, upon an order of the same court dated July 5, 2017, as amended December 8, 2017, granting the motion of nonparty Yankowitz Law Firm to confirm the report of a referee (Maxine L. Archer, Ct. Atty. Ref.) dated September 28, 2016, made after a hearing, recommending that nonparties H.Q. Nguyen and Blank, Goolnick & Dittenhoefer receive 40% of the net contingency fee in the action and that nonparty Yankowitz Law Firm receive 60% of the net contingency fee in the action, is in favor of nonparty Yankowitz Law Firm and against nonparties H.Q. Nguyen and Blank, Goolnick & Dittenhoefer in the principal sum of $993,543.13.
ORDERED that the judgment is affirmed, with costs.
On August 19, 2005, Arie Berkovitz was a passenger in a vehicle owned by the defendant Helms Brothers, Inc., and operated by the defendant Joseph Jean-Mary when it collided with another vehicle. Later that same month, Berkovitz hired attorney Jack Yankowitz of the Yankowitz Law Firm to represent him in an action to recover damages for personal injuries he allegedly sustained as a result of the accident. The retainer statement provided that the Yankowitz Law Firm would receive a contingency fee of one-third of the recovered amount. In September 2005, the Yankowitz Law Firm commenced this personal injury action on Berkovitz's behalf. Approximately 3½ years later, in December 2008, on the eve of trial, Berkovitz discharged the Yankowitz Law Firm and retained attorney H.Q. Nguyen and his cocounsel Blank, Goolnick & Dittenhoefer (hereinafter together the appellants). The appellants conducted approximately eight months of work on the case before the action was settled for $5,000,000.
Thereafter, the appellants moved to fix the allocation of the contingency fee between them and the Yankowitz Law Firm, and the Supreme Court referred the matter to a referee to hear and report. Following a hearing, the referee issued a report recommending apportioning 60% of the [*2]contingency fee to the Yankowitz Law Firm and 40% of the contingency fee to the appellants. In an order dated July 5, 2017, the Supreme Court granted the motion of the Yankowitz Law Firm to confirm the referee's report. A judgment was thereafter entered in favor of the Yankowitz Law Firm and against the appellants in the principal sum of $993,543.13.
Where there is a fee dispute between attorneys over their respective shares of a contingency fee, the amount due the outgoing attorney is based on the discharged attorney's proportionate share of the work performed on the whole case, in addition to the amount of recovery (see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 457-459; see also Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658). In making this determination, the court should consider "the amount of time spent by the attorneys on the case, the nature of the work performed, and the relative contributions of counsel" toward achieving the outcome (Matter of Gary E. Rosenberg, P.C. v McCormack, 250 AD2d 679, 680; see Diakrousis v Maganga, 61 AD3d 469). With these considerations in mind, the Supreme Court's determination that the Yankowitz Law Firm was entitled to 60% of the contingency fee earned in this action was not an improvident exercise of the court's discretion (see Russo v City of New York, 48 AD3d 540; Podbielski v KMO 361 Realty Assoc., 6 AD3d 597).
The appellants' remaining contention is without merit.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court