Oz v GCPKOP, LLC (2022 NY Slip Op 06134)

Oz v GCPKOP, LLC

2022 NY Slip Op 06134

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2019-12064
 (Index No. 4348/15)

[*1]Idan Oz, plaintiff-appellant, 
v
GCPKOP, LLC, et al., defendants; Krentsel Guzman Herbert, LLP, nonparty-appellant; Oshman Mirisola Law Group, P.C., nonparty-respondent (and third-party actions).

Krentsel Guzman Herbert, LLP (Marcia K. Raicus and Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), nonparty-appellant pro se and for plaintiff-appellant.
The Oshman Mirisola Law Group, PLLC, New York, NY (David L. Kremen of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Krentsel Guzman Herbert, LLP, appeals, and the plaintiff purportedly appeals, from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated July 15, 2019. The order, after a hearing, in effect, granted the motion of nonparty Oshman Mirisola Law Group, PLLC, for the apportionment and allocation of attorneys' fees pursuant to Judiciary Law § 475 to the extent of determining that nonparty Krentsel Guzman Herbert, LLP, was not entitled to attorneys' fees as compensation in relation to this action.
ORDERED that the appeal insofar as purportedly taken on behalf of the plaintiff is dismissed, as the plaintiff is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as appealed from by nonparty Krenstel Guzman Herbert, LLP; and it is further,
ORDERED that one bill of costs is awarded to the nonparty-respondent.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of a slip and fall. He initially retained nonparty law firm Krentsel Guzman Herbert, LLP (hereinafter Krentsel), to represent him in the action. Following the commencement of the action by Krentsel on the plaintiff's behalf against the defendants GCPKOP, LLC (hereinafter GCPKOP), and Robert Libin, the plaintiff discharged Krentsel and retained nonparty law firm Oshman Mirisola Law Group, PLLC (hereinafter Oshman), to represent him. Shortly thereafter, the action was discontinued against Libin, and an amended complaint was filed by Oshman on behalf of the plaintiff adding another defendant, Valpar 5 Corp. (hereinafter Valpar). The action was then settled for approximately $55,000, with GCPKOP and Valpar contributing equally thereto, and resulting in attorneys' fees in the total sum of $16,374.40. Following the settlement, Oshman moved pursuant to Judiciary Law § 475 for the apportionment and allocation [*2]of the attorneys' fees recoverable between it and Krentsel. Following a hearing, the Supreme Court determined that Krentsel was not entitled to attorneys' fees as compensation in relation to its involvement in this matter. Krentsel appeals.
When a fee dispute between the current and discharged attorneys for the plaintiff arises under the set of circumstances presented here, the discharged attorney may receive compensation based on quantum meruit (see Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d 1154, 1155; Ficaro v Alexander, 142 AD3d 1043). "The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors" (Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d at 1155 [internal quotation marks omitted]; see Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964). An award of reasonable attorneys' fees is "within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed" (Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d at 1155 [internal quotation marks omitted]; see Wodecki v Vinogradov, 125 AD3d 645, 646).
Krentsel contends that it was an improvident exercise of discretion by the Supreme Court to award it $0 in attorneys' fees based on quantum meruit. However, the court properly exercised its discretion in awarding Krentsel $0 of the attorneys' fees recoverable in this action, since Krentsel failed to offer in evidence at the hearing any documentation, records, time cards, or testimony from anyone with personal knowledge, such as the attorney from Krentsel who actually worked on this action, from which its time and labor could be ascertained (see Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d at 1156).
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court