Lamanna v Compitiello (2023 NY Slip Op 00854)

Lamanna v Compitiello

2023 NY Slip Op 00854

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-02543
 (Index No. 101203/15)

[*1]Thea Lamanna, et al., plaintiffs, 
v
Suzanne Compitiello, et al., defendants; Krentsel Guzman Herbert, LLP, nonparty-appellant; Law Offices of Orin J. Cohen, et al., nonparty-respondents.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus of counsel), nonparty-appellant pro se.
Law Offices of Orin J. Cohen, Staten Island, NY, nonparty-respondent pro se.
Robert D. Rosen, P.C., Great Neck, NY, nonparty-respondent pro se, and for nonparty-respondent Law Offices of Ira M. Perlman, P.C.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., nonparty Krentsel Guzman Herbert, LLP, appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 2, 2019. The order, insofar as appealed from, upon, in effect, granting the motion of nonparty Law Offices of Orin J. Cohen and the cross-motion of nonparty Krentsel Guzman Herbert, LLP, in effect, for an allocation of attorneys' fees, determined that nonparty Law Offices of Orin J. Cohen was entitled to 60% of the net contingency fee recoverable in the action, that nonparties Robert D. Rosen, P.C., and Law Offices of Ira M. Perlman, P.C., were entitled to 30% of the net contingency fee recoverable in the action, and that nonparty Krentsel Guzman Herbert, LLP, was entitled to only 10% of the net contingency fee recoverable in the action.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the nonparty-respondents appearing separately and filing separate briefs.
In July 2015, the plaintiff Thea Lamanna allegedly was injured when she was struck by a motor vehicle. In September 2015, Krentsel Guzman Herbert, LLP (hereinafter Krentsel Guzman), commenced this action to recover damages for personal injuries. In June 2016, a consent to change attorney form was filed substituting the Law Offices of Ira M. Perlman, P.C., and Robert D. Rosen, P.C. (hereinafter together Perlman and Rosen), in place of Krentsel Guzman. In an order dated November 29, 2017, the Supreme Court granted the motion of Perlman and Rosen for leave to withdraw as counsel. In December 2017, the Law Offices of Orin J. Cohen (hereinafter Cohen) was retained as counsel for the plaintiffs. Cohen, among other things, obtained an award in favor of the plaintiffs and against the defendants in binding arbitration.
In September 2019, Cohen moved, and Krentsel Guzman cross-moved, in effect, for an allocation of attorneys' fees. In an order dated December 2, 2019, the Supreme Court, upon, in effect, granting the motion and cross-motion, determined that Cohen was entitled to 60% of the net contingency fee recoverable in the action, that Perlman and Rosen were entitled to 30% of the net contingency fee, and that Krentsel Guzman was entitled to 10% of the net contingency fee. Krentsel Guzman appeals.
"'When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, [t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case'" (Ficaro v Alexander, 142 AD3d 1043, 1043, quoting Wodecki v Vinogradov, 125 AD3d 645, 646 [internal quotation marks omitted]; see Pyong Woo Ye v Pasha, 175 AD3d 737, 737-738). "'The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors'" (Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964, quoting Mazza v Marcello, 20 AD3d 554, 554; see Pyong Woo Ye v Pasha, 175 AD3d at 738). "'An award of . . . reasonable attorney's fee[s] is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed'" (Wodecki v Vinogradov, 125 AD3d at 646, quoting Juste v New York City Tr. Auth., 5 AD3d 736, 736; see Pyong Woo Ye v Pasha, 175 AD3d at 738; Rodriguez v Ryder Truck Rental, Inc., 171 AD3d at 964).
Here, Krentsel Guzman rendered legal services and stipulated to receiving a contingent percentage fee at the conclusion of the action. Under the circumstances and considering the time and labor expended by each attorney in the action, the skill required for the various work performed, and the effectiveness of each counsel's legal work, the Supreme Court providently exercised its discretion in determining that Krentsel Guzman was entitled to 10% of the net contingency fee recoverable in the action (see Matter of Cooper, 195 AD3d 928, 928-929; Pyong Woo Ye v Pasha, 175 AD3d at 738; Montanez v Jeffrey M. Brown Assoc., Inc., 131 AD3d 1024, 1024-1025).
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court