Stephen v City of New York (2023 NY Slip Op 02697)

Stephen v City of New York

2023 NY Slip Op 02697

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-02339
 (Index No. 702900/18)

[*1]Reno Stephen, plaintiff, 
v
City of New York, et al., defendants; Salerno & Goldberg, P.C., nonparty-appellant; Goldfarb Law Group PLLC, nonparty-respondent.

Salerno & Goldberg, P.C., Deer Park, NY (Allen Golderg of counsel), nonparty-appellant pro se.
Alexander M. Dudelson, Brooklyn, NY, for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Salerno & Goldberg, P.C., appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 29, 2022. The order, insofar as appealed from, granted the motion of nonparty Salerno & Goldberg, P.C., to determine the apportionment of attorneys' fees only to the extent of awarding nonparty Salerno & Goldberg, P.C., 50% of the net contingency fee in the action.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting the motion of nonparty Salerno & Goldberg, P.C., to determine the apportionment of attorneys' fees to the extent of awarding nonparty Salerno & Goldberg, P.C., 50% of the net contingency fee in the action, and substituting therefor a provision granting the motion to the extent of awarding nonparty Salerno & Goldberg, P.C., 65% of the net contingency fee in the action; as so modified, the order is affirmed insofar as appealed from, with costs payable to nonparty Salerno & Goldberg, P.C.
In 2017, the plaintiff retained Hallock & Malerba, P.C., which later changed its name to Salerno & Goldberg, P.C. (hereinafter the Salerno firm), to represent her in a personal injury action. In 2020, the plaintiff discharged the Salerno firm and retained attorney Alexander Dudelson and the Goldfarb Law Group PLLC (hereinafter together the Goldfarb firm). The plaintiff ultimately settled her case. The Salerno firm moved to determine the apportionment of attorneys' fees in this matter. The Supreme Court granted the motion only to the extent of awarding the Salerno firm 50% of the net contingency fee. The Salerno firm appeals.
"Where there is a fee dispute between attorneys over their respective shares of a contingency fee, the amount due the outgoing attorney is based on the discharged attorney's proportionate share of the work performed on the whole case, in addition to the amount of recovery" (Berkowitz v Helms Bros., Inc., 193 AD3d 671, 672; see Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658). "In making this determination, the court should consider 'the amount of time spent by the attorneys on the case, the nature of the work performed, and the relative contributions of counsel' toward achieving the outcome" (Berkowitz v Helms Bros., Inc., 193 AD3d [*2]at 672, quoting Matter of Gary E. Rosenberg, P.C. v McCormack, 250 AD2d 679, 680).
Here, the Salerno firm, which represented the plaintiff for three years, prepared the notice of claim and pleadings; conducted discovery, including attending court conference, taking and defending depositions, and filing motions; and engaged in trial preparation. The Goldfarb firm negotiated the settlement and negotiated reductions in legal-funding and medical liens. Under all of the circumstances, and considering the requisite factors, we disagree with the Supreme Court's determination to split the contingency fee equally between the two firms. Instead, we conclude that the proper apportionment of the contingency fee is 65% to the Salerno firm and 35% to the Goldfarb firm (see Berkowitz v Helms Bros., Inc., 193 AD3d 671; Russo v City of New York, 48 AD3d 540, 541).
BARROS, J.P., IANNACCI, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court