Tirado-Sottosanyti v Crowley (2023 NY Slip Op 05163)

Tirado-Sottosanyti v Crowley

2023 NY Slip Op 05163

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-01473
 (Index No. 102983/12)

[*1]Lucille Tirado-Sottosanyti, appellant, 
v
Dennis J. Crowley, respondent; Chelli & Bush, nonparty-respondent; Krentsel & Guzman, LLP, nonparty-appellant.

Krentsel Guzman Herbert, LLP, named herein as Krentsel & Guzman, LLP, New York, NY (Marcia K. Raicus and Mischel & Horn, P.C. [Scott T. Horn], of counsel), nonparty-appellant pro se.
Chelli & Bush, Staten Island, NY (Joseph A. D'Agostino of counsel), nonparty-respondent pro se.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff and nonparty Krentsel & Guzman, LLP, appeal from an order of the Supreme Court, Richmond County (Judith McMahon, J.), dated December 5, 2019. The order, in effect, granted the motion of nonparty Chelli & Bush for an allocation of attorneys' fees, denied that branch of the cross-motion of nonparty Krentsel & Guzman, LLP, which was, in effect, pursuant to Judiciary Law § 475 to quash an attorney charging lien in favor of nonparty Chelli & Bush, and, thereupon, confirmed a referee's report (Peter G. Geis, Ct. Atty. Ref.) dated November 25, 2019, made after a hearing, recommending that nonparty Chelli & Bush was entitled to 75% of the net contingency fee recoverable in the action and nonparty Krentsel & Guzman, LLP, was entitled to only 25% of the net contingency fee.
ORDERED that the appeal by the plaintiff is dismissed, as the plaintiff is not aggrieved by the order appealed from (see CPLR 5511; Oz v GCPKOP, LLC, 210 AD3d 689); and it is further,
ORDERED that the order is affirmed on the appeal by nonparty Krentsel & Guzman, LLP; and it is further,
ORDERED that one bill of costs is awarded to the nonparty-respondent.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of a motor vehicle accident. She initially retained nonparty law firm Chelli & Bush (hereinafter C & B) to represent her in the action. In 2012, C & B commenced this action on the plaintiff's behalf and, following the completion of discovery, obtained summary judgment against the defendant on the issue of liability. Although the matter was subsequently placed on the trial calendar, it was marked off the trial calendar when the plaintiff underwent surgery due to injuries sustained in the accident. In 2017, C & B moved to restore the action to the calendar. While the motion was pending, the plaintiff discharged C & B and retained nonparty Krentsel & Guzman, LLP (hereinafter Krentsel), to represent her. In 2018, the action was settled for $600,000. [*2]Thereafter, C & B moved for an allocation of attorneys' fees. Krentsel cross-moved, in effect, pursuant to Judiciary Law § 475 to quash an attorney charging lien in favor of C & B on the ground that C & B was discharged for cause and pursuant to 22 NYCRR 130-1.1 to impose sanctions against C & B based on certain comments made by C & B in its motion papers. A hearing was held before a court attorney referee, following which, the court attorney referee recommended that C & B was entitled to 75% of the net contingency fee recoverable in the action and Krentsel was entitled to 25% of the net contingency fee. In an order dated December 5, 2019, the Supreme Court, in effect, granted C & B's motion, denied that branch of Krentsel's cross-motion which was, in effect, pursuant to Judiciary Law § 475 to quash the attorney charging lien in favor of C & B, and confirmed the referee's report. This appeal ensued.
Contrary to Krentsel's contention, the Supreme Court properly, in effect, denied that branch of its cross-motion which was, in effect, pursuant to Judiciary Law § 475 to quash the attorney charging lien in favor of C & B. "Although the determination that an attorney was discharged for cause may be based upon either negligence or misconduct, more than a generalized dissatisfaction with counsel's services is required, and the client must make a prima facie showing of cause in order to trigger a hearing on the issue" (Maher v Quality Bus Serv., LLC, 144 AD3d 990, 992 [internal quotation marks omitted]; see Roe v Roe, 117 AD3d 1217, 1218). Here, the affidavit of the plaintiff, submitted in support of the cross-motion, failed to make a prima facie showing that C & B was discharged for cause (see Maher v Quality Bus Serv., LLC, 144 AD3d at 992), a circumstance that would have defeated C & B's right to compensation for its services (see Teichner v W & J Holsteins, 64 NY2d 977).
"When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, [t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case" (Lamanna v Compitiello, 213 AD3d 833, 834 [internal quotation marks omitted]; see Wodecki v Vinogradov, 125 AD3d 645, 646). "The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors" (Lamanna v Compitiello, 213 AD3d at 834 [internal quotation marks omitted]; see Oz v GCPKOP, LLC, 210 AD3d 689). "An award of . . . reasonable attorney's fee[s] is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed" (Lamanna v Compitiello, 213 AD3d at 834 [internal quotation marks omitted]; see Oz v GCPKOP, LLC, 210 AD3d at 690; Galante v Reid, 153 AD3d 902).
Here, based upon the record in this case, it cannot be said that the award of 25% of the net contingency fee to Krentsel was an improvident exercise of discretion (see Wodecki v Vinogradov, 125 AD3d at 646; see also Ficaro v Alexander, 142 AD3d 1043, 1044).
The Supreme Court did not decide that branch of Krentsel's cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against C & B. Since that branch of the cross-motion remains pending and undecided, any arguments that Krentsel raises with respect thereto are not properly before this Court (see 101CO, LLC v Sand Land Corp., 189 AD3d 942, 944; Matter of Jones, 47 AD3d 931, 934).
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court