Perez v City of New York (2025 NY Slip Op 06880)

Perez v City of New York

2025 NY Slip Op 06880

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-09942
 (Index No. 701944/22)

[*1]Hildania Perez, etc., et al., plaintiffs,
vCity of New York, et al., defendants; Kenneth J. Gorman, et al., nonparty-appellants; John P. DeMaio, nonparty-respondent.

Kenneth J. Gorman, New York, NY (Wade T. Morris pro se of counsel), nonparty-appellant pro se and for nonparty-appellant Wade T. Morris.
John P. DeMaio, New York, NY, nonparty-respondent pro se.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, nonparties Kenneth J. Gorman and Wade T. Morris appeal from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated December 6, 2022. The judgment, insofar as appealed from, upon an order of the same court dated November 2, 2022, without a hearing, inter alia, awarding nonparties Kenneth J. Gorman and Wade T. Morris attorneys' fees in the sum of only $50,000, awarded nonparties Kenneth J. Gorman and Wade T. Morris attorneys' fees in the sum of only $46,816.70, after a deduction for disbursements already paid.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
A client has an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney (see Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 43; Sessa v Doxey, 172 AD3d 939, 940). "In general, a hearing is required to determine whether a client has cause for discharging an attorney" (Doviak v Finkelstein & Partners, LLP, 90 AD3d 696, 699; see Sessa v Doxey, 172 AD3d at 940; Hawkins v Lenox Hill Hosp., 138 AD2d 572, 572). However, "'a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue'" (Hawkins v Lenox Hill Hosp., 138 AD2d at 572, quoting People v Gruden, 42 NY2d 214, 215; see Sessa v Doxey, 172 AD3d 939). Under the circumstances of this case, the Supreme Court properly determined that a hearing was not required, as there was no factual dispute as to the attorneys' conduct (see Sessa v Doxey, 172 AD3d at 940; Hawkins v Lenox Hill Hosp., 138 AD2d at 572).
Further, the award of attorneys' fees in favor of nonparties Kenneth J. Gorman and Wade T. Morris in the sum of only $50,000 is supported by the record. "The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors" (Lamanna v Compitiello, 213 AD3d 833, 834; see Oz v GCPKOP, LLC, 210 AD3d 689). "An award of . . . reasonable attorney's fee[s] is within the sound discretion of the Supreme Court based upon such factors as the time and labor [*2]required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed" (Lamanna v Compitiello, 213 AD3d at 834 [internal quotation marks omitted]; see Tirado-Sottosanyti v Crowley, 220 AD3d 820, 822; Oz v GCPKOP, LLC, 210 AD3d at 690).
Here, notwithstanding the Supreme Court's finding that Gorman and Morris were discharged for cause, an affidavit of Venus Ortiz, without more, failed to establish that Gorman and Morris were discharged for cause, a circumstance that would have defeated their right to compensation for their services (see Tirado-Sottosanyti v Crowley, 220 AD3d at 823). Based upon the record in this case, it cannot be said that the award of attorneys' fees in the sum of $50,000 to Gorman and Morris was an improvident exercise of discretion (see id.).
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court