Lee v Nejat (2025 NY Slip Op 06967)

Lee v Nejat

2025 NY Slip Op 06967

Decided on December 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 16, 2025

Before: Moulton, J.P., Kennedy, Mendez, Michael, Chan, JJ. 

Index No. 800296/11|Appeal No. 5394|Case No. 2024-01665|

[*1]Susan S. Lee, Plaintiff-Appellant,
v
Morris Nejat, M.D., etc., et al., Defendants. Edelman, Krasin & Jaye, PLLC, Nonparty-Respondent.

Law Office of Richard B. Zarco, P.C., New York (Richard B. Zarco of counsel), for appellant.
Edelman, Krasin & Jaye, PLLC, Westbury (Kara M. Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered November 21, 2023, which, to the extent appealed from, granted the request of plaintiff's former counsel, Edelman, Krasin & Jaye PLLC, for a charging lien and a retaining lien, unanimously affirmed, without costs.
Supreme Court acted properly in summarily granting a charging and a retaining lien to plaintiff's former counsel at Edelman, Krasin & Jaye PLLC (EKJ) (see generally Butler, Fitzgerald & Potter v Gelmin, 235 AD2d 218, 218-219 [1st Dept 1997]).
Plaintiff failed to make a prima facie showing that EKJ was discharged for cause and thus not entitled to any compensation or a retaining lien (see Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 43-44 [1990]). Plaintiff admits that EKJ did not commit any malpractice or misconduct and none of plaintiff's complaints about EKJ rise above the level of "generalized dissatisfaction," "dissatisfaction with reasonable strategic choices," or "personality conflicts, misunderstandings or differences of opinion having nothing to do with any impropriety" (see Klein v Eubank, 87 NY2d 459, 463-464 [1996]; Tirado-Sottosanyti v Crowley, 220 AD3d 820, 822 [2d Dept 2023]; Doviak v Finkelstein & Partners, LLP, 90 AD3d 696, 699 [2d Dept 2011]). Thus, there was no need for a hearing (see Tirado-Sottosanyti, 220 AD3d at 822).
The amount of work performed by EKJ and the nature of its contribution to the ultimate judgment are not relevant to the determination of whether to award a charging lien, as such a lien is available to any attorney of record in a matter and comes into existence upon commencement of the action or proceeding (see Judiciary Law § 475; Klein, 87 NY2d at 462; LMWT Realty Corp. v Davis Agency, 85 NY2d 462, 467 [1995]).
There is no evidence to support plaintiff's claims regarding her inability to pay the retaining lien or to otherwise obtain copies of the medical records in EKJ's file (see generally Cohen v Cohen, 183 AD2d 802, 803 [2d Dept 1992]; Rosen v Rosen, 97 AD2d 837, 837 [2d Dept 1983]). While plaintiff argues that she could have presented such evidence at a hearing, she was required to first make a prima facie showing that a hearing was necessary, which she did not do.
Insofar as the documents reviewed by the court in camera were timely received and reviewed by this Court, there is no basis to dismiss this appeal for failure to file an adequate record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2025