Del Rosso v Staten Is. Univ. Hosp. (2026 NY Slip Op 00877)

Del Rosso v Staten Is. Univ. Hosp.

2026 NY Slip Op 00877

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-09566
 (Index No. 750004/16)

[*1]Barbara Del Rosso, etc., plaintiff, 
vStaten Island University Hospital, et al., defendants; Krentsel Guzman Herbert, LLP, nonparty-appellant; Harris, Keenan, & Goldfarb, nonparty-respondent.

Krentzel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), nonparty-appellant pro se.
Harris, Keenan, & Goldfarb, New York, NY (Judith Stempler, Marla L. Stein, and Jason Steinberg of counsel), nonparty-respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., nonparty Krentsel Guzman Herbert, LLP, appeals from an order of the Supreme Court, Richmond County (Peter Geis, Ct. Atty. Ref.), dated August 14, 2023. The order, insofar as appealed from, after a hearing, in effect, granted that branch of the motion of nonparty Krentsel Guzman Herbert, LLP, which was, in effect, for a determination of the allocation of a net contingency fee to the extent of awarding it only 25% of the net contingency fee and awarding 75% of the net contingency fee to nonparty Harris, Keenan, & Goldfarb.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries that Joseph Del Rosso allegedly sustained while being treated at a hospital and a rehabilitation center. The plaintiff initially retained the predecessor firm to nonparty law firm Harris, Keenan, & Goldfarb (hereinafter Harris) to represent them in the action, on a contingency fee basis. In 2014, Harris commenced this action on the plaintiff's behalf against 10 defendants. Over the next approximately eight years, Harris's attorneys, among other things, conducted extensive discovery including 13 depositions, engaged in motion practice, attended dozens of conferences, and filed the note of issue. In July 2021, the plaintiff discharged Harris and retained nonparty Krentsel Guzman & Herbert, LLP (hereinafter Krentsel), to represent her. In December 2022, on the eve of jury selection, the action was settled for $1,724,000.
Thereafter, Krentsel moved, inter alia, in effect, for a determination of the allocation of a net contingency fee. In an order dated June 21, 2023, the Supreme Court referred the matter to a court attorney referee to hear and determine the fee issue.
In an order dated August 14, 2023, after a hearing, the court attorney referee, in effect, granted that branch of Krentsel's motion which was for a determination of the allocation of the net contingency fee to the extent of awarding it 25% of the net contingency fee and awarding 75% of the net contingency fee to Harris. Krentsel appeals.
"'When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, [t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case'" (Tirado-Sottosanyti v Crowley, 220 AD3d 820, 822, quoting Lamanna v Compitiello, 213 AD3d 833, 834; see Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658). "'The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors'" (Tirado-Sottosanyti v Crowley, 220 AD3d at 822, quoting Lamanna v Compitiello, 213 AD3d at 834; see Oz v GCPKOP, LLC, 210 AD3d 689, 690). "'An award of . . . reasonable attorney's fee[s] is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed'" (Tirado-Sottosanyti v Crowley, 220 AD3d at 822, quoting Lamanna v Compitiello, 213 AD3d at 834).
Here, based upon the record in this case, it cannot be said that the award of 25% of the net contingency fee to Krentsel constituted an improvident exercise of discretion (see Tirado-Sottosanyti v Crowley, 220 AD3d at 822-823; Stephen v City of New York, 216 AD3d 1029, 1030; Berkowitz v Helms Bros., Inc., 193 AD3d 671, 672).
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court